(65 App. Div. 282.)

O'BRIEN v. BAKER.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

1. EXECUTORS AND ADMINISTRATORS—TEMPORARY ADMINISTRATOR—FOREIGN TEMPORARY ADMINISTRATOR—STATUTES—DISCOVERY.

Code Civ. Proc. § 2707, declares that an administrator may present to the surrogate's court a petition showing that property which should be delivered to him is under the control of any one who withholds it, or who refuses to impart knowledge or information concerning it, or to disclose any fact which will aid the administrator in making a discovery of such property, so that it cannot be inventoried or appraised, and that the person complained of may be cited to attend an inquiry and to be examined. A temporary administrator filed a petition alleging that a resident of Texas had possession of money and property belonging to the decedent, which he had refused to deliver to the administrator, and that an examination of such nonresident and a discovery as to the property under his control was necessary. *Held*, that the petitioner was entitled to an examination, inasmuch as the statute is designed not only to bring about a delivery of property to the administrator, but, where such delivery is impracticable, to afford discovery as to assets of the estate.

2. SAME.

Code Civ. Proc. § 2709, provides that if the person so cited under section 2707 interpose an answer to the effect that he is the owner of the property, or entitled to possession by virtue of some lien or special property, the proceedings must be dismissed. The resident of Texas interposed an answer in which he alleged that he had been appointed temporary administrator in Texas, and that by virtue of such appointment he had a special property in the assets of the decedent under his control. *Held*, that the petition was not dismissable under section 2709, since the statute only contemplates a dismissal where a right or ownership of property is set up which is antagonistic to the estate of the decedent.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from special term.

In the matter of the application of John P. O'Brien, as temporary administrator of the estate of William M. Rice, deceased, for an examination of James A. Baker to discover assets of the estate. From an order denying a motion to vacate an order requiring the defendant to be examined (69 N. Y. Supp. 1022), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, LAUGHLIN, PATTERSON, and INGRAHAM, JJ.

William B. Hornblower, for appellant.
Julian T. Davies, for respondent.

INGRAHAM, J.   The temporary administrator of the estate of
William M. Rice, deceased, presented to the surrogate's court a pe-
tition in which he alleged his appointment and qualification as such
temporary administrator; that the deceased died on the 23d day of
September, 1900, a resident of the city of New York; that the peti-
tioner had obtained possession of no books of account of the de-
cedent, and only of some of the letters, correspondence, check books,
and other writings belonging to the said decedent at the time of
his death; that, in order to obtain accurate information in regard to
the amount and character of the property which was owned by the
said decedent, it was necessary that the petitioner should be put in
possession of all the books, papers, records, and correspondence
of the deceased; that James A. Baker, who resides in the state of
Texas, was one of the intimate friends of the deceased, and is in
possession of much information "respecting the character, the
amount, and the whereabouts of the property of the said decedent,
and especially that which is not now held in possession of any one
within the state of New York"; that said Baker is named as one
of the executors of the will of the said deceased that has been offered
for probate; that said Baker has stated to deponent that he claims
to be temporary administrator of the goods, chattels, and credits
of the decedent in and for the state of Texas, claiming to have been
appointed under the authority of some court of that state, but that
the petitioner is informed and believes that the said appointment
is void, and of no effect; that the petitioner has been informed by
said Baker, and verily believes, that said Baker is in possession
of a large amount of personal property and money which belonged
to the decedent at the time of his death, and that said Baker has
refused to deliver the said personal property and money to the
petitioner, and withholds the same; that it is necessary that the pe-
titioner should have an examination of said Baker, and a discovery
from him as to the amount and character of the property and estate
of the decedent, as to the whereabouts of his estate, and as to the
information which the said Baker has concerning the property and
affairs of the decedent, in order that the estate may be gathered
together and conserved, and reduced to the possession of the peti-
tioner for the interest of the persons concerned therein.   In answer
to this petition Baker interposed an answer alleging that he is the
temporary administrator of the decedent, appointed under the au-
thority of a court in the state of Texas having jurisdiction, ad-
mitting that as such temporary administrator there is money de-
posited to his credit in certain banks in Texas, and that there is
other personal property in Texas over which he as temporary ad-
ministrator has control, and which came into his possession as such
administrator, and for which he is accountable to the court that ap-
pointed him; that none of such property was removed by him
from the state of New York, nor from any other state or place, to
Texas; and he alleges that as to all such property in the state of

Texas he is entitled to the possession thereof by virtue of a special property therein as temporary administrator of the estate of the decedent under the appointment duly made by a court in Texas having jurisdiction. The defendant further alleges that as a matter of fact all the property and securities that the respondent in any way had in his possession or under his control in the state of New York, or anywhere else, except those already referred to in the state of Texas, have been turned over by him to the petitioner; that, as to any property mentioned in the petition as withheld by him, he is entitled to the possession thereof by virtue of a special property therein arising out of and existing by reason of the fact that he was only appointed as temporary administrator of the estate of the decedent by the court in Texas having jurisdiction to make such appointment on the 28th day of September, 1900, and that he has duly qualified as such administrator; and that he has withheld no information with regard to any property belonging to the estate of the decedent, but has given all the information in his power to the petitioner and has repeatedly offered to answer any questions in regard to the estate that the petitioner might ask. Upon this answer the defendant moved to vacate the citation requiring Baker to appear, and to 'dismiss the proceeding. The surrogate denied this motion, and ordered Baker to appear and be examined before one of the surrogates of the county of New York on a day named. From that order Baker appeals.

The proceeding is instituted under section 2707 of the Code. That section provides:

"An executor or administrator may present to the surrogate's court, from which letters were issued to him, a written petition, duly verified, setting forth, on knowledge or information and belief any facts tending to show that money or other personal property which should be delivered to the petitioner, or included in an inventory or appraisal, is in the possession, under the control or within the knowledge or information of a person who withholds the same from him; or who refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid such executor or administrator in making discovery of such property, so that it cannot be inventoried or appraised, and praying an inquiry respecting it, and that the person complained of may be cited to attend the inquiry and be examined accordingly."

It will be noticed that this section is not confined to a proceeding to compel a person in the possession of property belonging to a decedent to deliver such property to the administrator. It also provides for a case where there is personal property that should be included in an inventory or appraisal, and which "is in the possession, under the control, or within the knowledge or information of a person, who withholds the same" from the representative of the deceased, or who refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid such executor or administrator in making discovery of such property, so that it cannot be inventoried or appraised. It is for the purpose of procuring information as to the property that should be inventoried and appraised, as well as of property that should be delivered to the administrator, that the proceeding is allowed, and

an examination of a person having knowledge of the decedent's property is allowed, so as to give information as to such property which the administrator here is required to inventory or appraise, although its present situation is such that it would be impracticable to order its delivery to the administrator. The appraisement of such property for taxation, and the making and filing of the proper inventories, require that the administrator should have knowledge of the amount of the decedent's property; and it is quite essential for the protection of the estate that such knowledge should be acquired soon after a decedent's death, so that proper steps may be taken to ascertain the nature and location of the property for the benefit of those interested in the estate. The allegation of this petition is clearly within this provision of the Code, and the answer of the defendant admitted that he has property of the decedent in his possession, and had knowledge of the property left by the decedent at the time of his death. It would seem that this is eminently a proper case to require the appellant to make a full disclosure of his knowledge concerning the property of the decedent, whether located within this state or elsewhere, to enable the representatives of the estate to take proper steps to protect and preserve such property. It is claimed by the appellant that this proceeding is limited to one which involves the right to the possession of property of the decedent, and cannot be maintained as one for a discovery merely. In re Curry's Estate, 25 Hun, 321, is cited as sustaining that proposition. In that case, however, the question was as to the constitutionality of these provisions of the Code. The court was speaking of a final decree by which the surrogate may award possession of the property to the representative of the estate, and it was in relation to such a decree that it was said, "An examination of the several sections shows that the question of possession is the sole object of the provisions." The question as to the right to institute a proceeding to obtain a discovery of the property of a decedent, even though no final decree requiring the delivery of possession of the property could be granted, was not presented nor considered; and yet the provisions of section 2707 of the Code, above cited, clearly provide for the examination of a person having information of the property of the decedent, although such property was not in the possession of the person sought to be examined. It is difficult to see why such an examination should not be allowed. It certainly contravenes no constitutional provision, and might be most essential to enable the representative of the estate to ascertain the location and condition of the decedent's property to enable him to protect the estate. The petition to be presented to the court must allege facts tending to show that money or other property which should be delivered to the petitioner, or included in an inventory or appraisal, is in the possession, under the control, or within the knowledge or information of a person who withholds the same from him, or refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which would aid such executor or administrator in making a discovery of such property; and upon presentation of that petition such a

person may be cited to attend the inquiry, and be examined accordingly; and I can see no reason why this statute should be confined to a proceeding in which the surrogate could order property in the hands of such a person delivered to the temporary administrator. In this case the answer of the appellant does not deny that there is within his possession, under his control, or within his knowledge property which will be required to be appraised and inventoried by the executor or administrator of the decedent within this state where the decedent resided at the time of his death, and there is certainly no reason why the temporary administrator should not have the right to have an examination as to such property, not for the purpose of a final decree requiring the appellant to deliver it to the temporary administrator, but to enable the temporary administrator to make a proper appraisal or inventory, and to take the proper proceedings to ultimately secure the property for the benefit of those interested in the estate. The appellant based his motion in the court below to dismiss the proceeding upon the provision of section 2709 of the Code. By this section it is provided that, "if the person so cited interposes a written answer, duly verified, that he is the owner of said property, or entitled to the possession thereof, by virtue of a lien thereon, or special property therein, the surrogate must dismiss the proceedings as to such property so claimed"; and the question that we are to determine is whether the appellant, by the allegations of his answer, has brought the case within the provisions of this section of the Code. The allegation of the answer is that the respondent "alleges that as to all such property in the state of Texas he is entitled to the possession thereof by virtue of a special property therein as temporary administrator of the estate of William M. Rice under the appointment duly made by a court in Texas having jurisdiction on the 28th day of September, 1900." The appellant bases his right to possession solely upon his claim as a special administrator of the decedent, of whom the petitioner is the special administrator in this state. He makes no claim to the property as against the estate, claims no ownership or right to possession in hostility to the estate, has in fact no title to the property, holding the same merely as the legal custodian pending the determination of the question as to who shall be appointed as the personal representative of the decedent. The provision of the Code now under consideration was passed to meet an objection as to the constitutionality of the provision which was sustained by the general term of the supreme court in Re Beebe's Estate, 20 Hun, 462. The provision of the statute under consideration in this case was chapter 394 of the Laws of 1870, which contained no provision for the examination of a person other than one in possession of property which it is claimed belonged to the estate. What was there decided was that a proceeding instituted under that act was invalid, as the owner of property could not be deprived of his possession by such a summary proceeding. He had no right to a trial by jury. He had no right to call witnesses, but by an arbitrary and ex parte process he could be compelled to become a plaintiff if he seeks to recover the prop-

erty of the administrator or executor, or to submit to all of the disadvantages of such a situation. To avoid the effect of this decision, this provision of section 2709 of the Code was passed. The section provides that a person to whom the citation is issued must be sworn to answer truly all questions put to him, and he may be examined fully and at large respecting property of the decedent, or of which the decedent had possession at the time of or within two years before his death. If the person so cited interpose a written answer, duly verified, that he is the owner· of said property, or entitled to the possession thereof, by virtue of a lien thereon, or special property therein, the surrogate may dismiss the proceeding as to such property so claimed. Here the obvious intent of the statute was to protect the ownership or right of possession of a person cited, where such ownership or right of possession is antagonistic to the possession claimed by the personal representative of the decedent, so that, where a question was presented between the estate of the decedent and the individual cited as to the ownership or right of possession of the property, that question should not be tried in this proceeding. The appellant makes no such claim. The allegation of his answer upon which he relies states that he is entitled to the possession of this property as temporary administrator of the decedent, appointed by the court of Texas. He has no' ownership or right of possession antagonistic to the estate of the decedent of which the petitioner is the representative in this state. He claims no ownership or special interest in the property, having characterized his right to possession by virtue of his appointment as temporary administrator of the decedent. There is no allegation in the answer that by the law of Texas a special administrator obtains any title to the property, or is anything more than he is in this state, viz. a mere custodian to preserve the property pending the determination as to whom letters testamentary or of administration should finally issue; and it would seem that his right to possession of the property is not that contemplated by this section of the Code, which requires the surrogate to dismiss the proceeding as to such property. The appellant is not entitled to the possession of the property of the decedent "by virtue of a lien thereon, or a special property therein." His mere possession as a custodian appointed by a court to preserve the property until the final determination as to who should be the personal representatives of the estate, does not either give him a lien upon or a special property in any part of the estate of the decedent; and I can see no reason why this custodian should not disclose to the representatives of the deceased in this state, where the decedent resided, all information that he has as to the location and amount of the decedent's property. None of the cases cited by the appellant present this question, as·.in these cases the person cited under these sections of the Code made a claim to the ownership or possession of the property as against the estate of the decedent, whose right was sought to be enforced. In re Knittel's Estate, 12 Civ. Proc. 1, does not apply, for there the right to examine a debtor of the decedent was insisted upon for the purpose

of ascertaining the nature and amount of such debtor's liability to the estate. It has been settled that a mere denial by a person cited that he has in his possession property, or information as to property, of the decedent, does not justify a revocation of the order, as that question is to be settled by the examination under oath of the person cited to appear. In re Seaman's Estate, 16 Wkly. Dig. 118. I think, therefore, that the petition was sufficient to justify the surrogate in citing the appellant to appear and submit to an examination, that the allegations of the answer were not sufficient to require the surrogate to dismiss the proceeding under section 2709 of the Code; and that the motion to vacate the order was properly denied.

The order appealed from should be affirmed, with $10 costs and disbursements.

HATCH and LAUGHLIN, JJ., concur.

PATTERSON, J. (dissenting). I am not able to concur with the majority of the court in the conclusion that the order appealed from should be sustained, nor in the reasoning by which that conclusion is reached. The right to the examination provided for by section 2707 et seq. of the Code of Civil Procedure is purely a statutory one. When a person cited pursuant to section 2708 interposes a written answer duly verified that he is the owner of property or entitled to the possession thereof by virtue of a lien thereon or special property therein, the surrogate must dismiss the proceeding. Section 2709. The answer of Baker on the return of the citation issued to him fully complies with the requirements of section 2709. He says, respecting all the property mentioned in the petition on which the citation was issued, that he was "entitled to the possession thereof by virtue of a special property therein arising out of and existing by reason of the fact that he was duly appointed as temporary administrator of the estate of William M. Rice by the court of Texas, having jurisdiction to make such appointment, on the 28th of September, 1900, and that he duly qualified by giving a bond and taking the oath on the 29th of September, 1900, and that the appointment was duly and regularly made in all respects by a court having jurisdiction to make the same." Here was interposed by Baker a claim of title to the property in his possession. The sections of the Code applicable to this matter give no authority to the surrogate to pass upon title. If that be put in issue by a duly-verified answer of the person cited, the jurisdiction of the surrogate ends. The right of the petitioner to maintain this proceeding depends on the single fact that he, by reason of his appointment as temporary administrator in the state of New York, is entitled indisputably to the possession of that property,—of course, it being shown that it belonged to the estate of the deceased. The petitioner's right to possession is disputed by Baker's answer, in which he sets up a title accrued by reason of his appointment as temporary administrator in another jurisdiction. As between two temporary administrators, one appointed in this state and the other in another state, a question as to which has the better title or supe-

rior right to possession of the property now in the possession of Baker as administrator is one which the surrogate has no power to determine, either for the purpose of allowing the temporary administrator in New York to make an inventory or for any other purpose. In re Curry's Estate, 25 Hun, 323; In re Carey's Estate, 11 App. Div. 289, 42 N. Y. Supp. 346; In re Walker, 136 N. Y. 29, 32 N. E. 635. In the case last cited the court said:

"We cannot recall any statutory provision which authorizes the surrogate in any proceeding to pass upon the question of title to property as between a claimant and a representative of the testator's estate. Jurisdiction in all such cases seems to have been scrupulously and intentionally withheld."

In Doyle v. Doyle, 15 N. Y. St. Rep. 318, it was held that when an answer is interposed, denying the right of the petitioner to the property referred to in the petition, it becomes the duty of the surrogate to dismiss the proceeding, and "he has no power to investigate the verity of the denial thus made." It is true that section 2707 refers to personal property which should be delivered to a petitioner, or included in an inventory or appraisal; but it is evident from the provisions of the following sections that the inventory or appraisal mentioned in section 2707 refers to property with which the executor or administrator is to be charged in this jurisdiction. When possession is admitted, and the assertion is made under oath that that possession is by reason of ownership, or by reason of a lien or special property, the examination cannot be had, because such questions must be determined in another way; and title and the right to possession as dependent upon title cannot be tried by the surrogate under such an answer as has been interposed by Baker in this matter.

VAN BRUNT, P. J., concurs.