HASTINGS v. FRANK TOUSEY PUBLISHER et al.

(Supreme Court, Appellate Division, First Department.· January 24, 1908.)·

1. ADMINISTRATORS—COLLECTION AND MANAGEMENT OF ESTATE—POWERS OF·
   TEMPORARY ADMINISTRATOR.

   Code Civ. Proc. § 2672, defining the powers of a temporary adminis-
   trator to be to take into his possession personal property, to preserve it,.
   and to collect choses in action, does not authorize a temporary administra-
   tor to sue in equity to have it adjudged that the estate is the owner of a,
   share of corporate stock, the certificate for which is already in the tem-
   porary administrator's possession, and to require a transfer of the share·
   on the corporate books to the estate.

2. SAME—EXTINGUISHMENT OF AUTHORITY.

   The authority of a temporary administrator·is ipso facto extinguished·
   by his appointment as executor.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Ad-·
   ministrators, § 188.]

Appeal from Special Term.

Action by George Gordon Hastings, as temporary administrator,.
etc., of Rosalie Tousey Hastings, deceased, against Frank Tousey
Publisher, a corporation, and another. Judgment for plaintiff, and·
defendants ·appeal. Reversed·, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE,.
HOUGHTON, and SCOTT, JJ.

James M. Hunt, for appellants.
Morgan J. O'Brien, for respondent.

SCOTT, J. The plaintiff sues in equity as temporary adminis-
trator, etc., of Rosalie Tousey Hastings, deceased, and asks as be-
tween the estate of said deceased and the defendant Julia Howe that
said estate be adjudged to be the true and lawful owner of one share
of stock in the·defendant·corporation, and as between himself and
said corporation that it be required to transfer the said share of stock.
on ·its books to·said estate.

The principal question of fact litigated in the case was as to the ownership of the share of stock which concededly was issued to the defendant Julia Howe, and was found after Rosalie Hastings' death in a safe deposit box belonging to her. The learned trial justice has found as a matter of fact that Julia Howe assigned the certificate for one share of stock to Rosalie Tousey Hastings on or about June 9, 1905, and that Rosalie Tousey Hastings at the time of her death was in possession of said certificate, and he has found as matter of law that Rosalie Tousey Hastings was at the time of her death the lawful owner and holder of said certificate, and that plaintiff is now the lawful owner and holder thereof. If it were necessary to the decision of this appeal, we should find much difficulty in arriving at the conclusion, from the evidence, that the share of stock in question was ever the property of Rosalie Tousey Hastings, now deceased. The only fact tending to support that conclusion is that, after her death, the certificate was found in her box indorsed in blank by the defendant Howe, who was a sister of the decedent. The defendant Howe was not permitted, under proper objection, to testify as to the transactions between herself and her deceased sister resulting in the delivery of the certificate to the latter, and the only competent witness gave evidence to show that the certificate was given by the defendant Howe to the decedent merely for safekeeping. It is unnecessary, however, to consider the question of fact because the plaintiff as temporary administrator had no authority to maintain the action. The general powers and duties of a temporary administrator are defined by section 2672 of the Code of Civil Procedure. He has "authority to take into his possession personal property; to secure and preserve it; and to collect choses in action and for either of these purposes he may maintain an action or special proceeding." He is thus made merely a collector and conservator of the estate, and the only actions or proceedings he is authorized to prosecute, without special order of the surrogate, are those which may be necessary to reduce to possession the assets of the estate. This action was not necessary for any such purpose. The plaintiff already had the certificate of stock in his possession. It would add nothing to his right of possession, or to the estate's right to the proportionate interest in the corporation, to have the certificate transferred to plaintiff on the books of the corporation, even if it can be said that a temporary administrator takes any title to the personal property. It is not now necessary to consider whether, under any circumstances, a court of equity would, in the exercise of its wide jurisdiction, direct that stock in a corporation be transferred on the books to a temporary administrator. It is sufficient that no circumstances are shown requiring such a decree in the present case. Even if plaintiff as temporary administrator had original authority to commence this action, the court should not have proceeded to render judgment, for it appeared upon the trial and was conceded by both parties that plaintiff had then been appointed executor of the estate. Whatever authority he may have had as temporary administrator was ipso facto extinguished upon his appointment as executor; and this without any formal revocation of his letters of tem-

porary administration. Hence whether he had or had not original authority to bring the action he had no authority to continue it or capacity to take a decree.

It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.