PEOPLE ex rel. STEBBINS v. PURDY et al., Com'rs of Taxes and Assessments.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. TAXATION (§ 416*)—ASSESSMENT—EXECUTOR—OWNER.

Under Greater New York Charter (Laws 1901, c. 466) §§ 892, 894, providing for books of annual record of assessed valuation of real and personal property with the names of the persons and corporations subject to taxation, and Tax Law (Laws 1909, c. 62 [Consol. Laws 1909, c. 60]) § 21, requiring the assessors to prepare an assessment roll of the taxable personal property owned by each taxable person, the executor of a testator dying prior to the second Monday of January is the owner of the personal estate, and the placing of his name on the assessment roll on or before the second Monday of January is proper, though the name of testator as owning the property has been placed on the roll, for the latter act is void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 704–706; Dec. Dig. § 416.*]

2. TAXATION (§ 416*) — ASSESSMENT — ADDITIONAL ASSESSMENT — ASSESSMENT AGAINST EXECUTOR—"OWNER."

Greater New York Charter, § 894a, added to Laws 1901, c. 466, by Laws 1906, c. 207, providing that, so long as the books of annual record of assessed valuation of personalty remain open for correction, the board of taxes and assessments, on 10 days notice to the person in interest, may add to the assessment roll the name of the owner of any personalty, and its assessed valuation, that may have been omitted, authorizes the addition of the name of an executor holding personal property of a testator dying before the second Monday of January; the executor being the "owner" of the personal estate of testator.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 704–706; Dec. Dig. § 416.*

For other definitions, see Words and Phrases, vol. 6, pp. 5134–5151; vol. 8, p. 7744.]

3. CONSTITUTIONAL LAW (§ 284*) — DUE PROCESS OF LAW — ASSESSMENT OF TAXES.

> Where an executor was given the notice required by Greater New York Charter, § 894a, added to Laws 1901, c. 466, by Laws 1906, c. 207, that his name as the owner of the personal estate of his testator would be entered on the assessment roll, and he appeared before the tax commissioners within the time allowed by law and applied for a vacation of the assessment, there was no taking of property without due process of law.

> [Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 284.*]

> Scott, J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the People, on the relation of Charles H. Stebbins, as executor of Mary L. Vail, deceased, against Lawson Purdy, and others, as Commissioners of Taxes and Assessments of the City of New York, to review an assessment on personal property. From an order (69 Misc. Rep. 367, 125 N. Y. Supp. 986) vacating the assessment, defendants appeal. Reversed, and proceeding dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Curtis A. Peters (Eugene Fay, on the brief), for appellants.
Theodore L. Bailey, for respondent.

INGRAHAM, P. J. Prior to the second Monday of January, 1910, the tax commissioners of the city of New York, defendants in this proceeding, entered the name of Mary L. Vail on the list of persons subject to taxation for that year and opposite thereto the sum of $15,000 as a valuation of her personal property subject to taxation. These books were duly opened for examination and correction on the second Monday of January, 1910, and remained open for that purpose until the 1st day of April, 1910. Subsequent thereto, and during the time that the said books were open for public inspection as aforesaid, the deputy tax commissioner ascertained that said Mary L. Vail had died on the 26th of August, 1909, leaving a last will and testament which had been filed with the surrogate of the county of New York and proceedings commenced for the probate thereof, and that on the second Monday of January, 1910, such proceedings were pending and had not been finally determined. On the 11th day of January, 1910, the will was duly admitted to probate and letters testamentary issued to the relator as executor. The defendants as tax commissioners on the 11th day of March, 1910, caused to be stricken from the annual record of the assessed valuation of personal property subject to taxation the name of the said Mary L. Vail. The deputy tax commissioner who has made the aforesaid statement reported to the defendants that the relator was the executor of the estate of said Mary L. Vail, deceased, and as such executor held personal property subject to taxation amounting to $50,000, whereupon the defendants on the 14th of March, 1910, caused to be served upon the relator a notice that the relator's name as executor of the estate of Mary L. Vail, deceased, had been omitted from the annual record of the assessed valuation of personal estate at the opening thereof for the year 1910; that the com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

missioners of taxes and assessments have directed that the relator's name as the executor of the said estate should be added to the annual record in the sum of $50,000, 10 days after the service of this notice; and that the relator be assessed for said amount on that date from which date until March 31, 1910, following this assessment if erroneous could be corrected by personal application to the commissioners at the office of the department in the city of New York. Thereafter, and on the 24th day of March, 1910, 10 days after the service of that notice, the defendants assessed the relator as such executor in the sum of $50,000, and duly entered such assessment in the annual record of assessed valuation of real and personal estate for the borough of Manhattan of the city of New York. Thereafter, and before the 31st day of March, 1910, while the said books were open for public inspection, the relator submitted to the defendants and filed with them a statement in writing setting forth that said Mary L. Vail died a resident of the city of New York, borough of Manhattan, leaving a last will and testament by which she named the relator as one of the executors thereof; that said will and petition for probate and that relator's oath that he would faithfully discharge his duties as executor were duly filed with the clerk of the surrogate of the county of New York on the 3d day of September, 1910, and that said will and petition for probate were entered in the records of the clerk of the surrogate and have since been a matter of public record; that the said will was admitted to probate by the surrogate of the county of New York on the 12th day of January, 1910, and on the same day latters testamentary were issued and delivered to the relator; that on the second Monday of January, 1910, the said personal estate of the said Mary L. Vail was included in and entered upon the books containing the annual record of the assessed valuation of real and personal property for the borough of Manhattan for 1910, and the value of the said personal estate was in said books fixed at $15,000; that a notice dated March 11, 1910, was served upon the relator on that date; that no notice was served upon or given to any person or party named in or having an interest in the said will of Mary L. Vail, deceased, excepting the relator, and that the relator has no interest in such personal estate other than as executor and trustee of and under the said will of Mary L. Vail, and that the petitioner is not the owner of, but the executor and trustee for, the said personal estate; that the said personal estate of the said Mary L. Vail had been assessed by the commissioners of taxes and assessments of the city of New York at not over $15,000 for more than 10 years last past, although said Mary L. Vail had possessed $50,000 worth of taxable personal property during all that period; that said assessment of the petitioner as executor of the estate of Mary L. Vail was illegal and void, for the reason that the relator was not the owner of the personal estate assessed, but merely the executor and trustee for the same; that section 894a of the charter of the city of New York (added by chapter 207 of the Laws of 1906), under which the commissioners attempted to add the relator's name to the roll after the second Monday of January, 1910, is in violation of the Constitution of the state of New York and of the Constitution of the United States; that the petitioner has had no reasonable or lawful

opportunity to properly prepare the said complaint before March 31, 1910, as required by law, and that by reason of said want of notice the petitioner has not had proper notice to ascertain the amount of debts owing by said estate which said debts are deductible from the assets of the said estate under the tax law. Other objections were made to the assessment which it is not necessary to particularize. Upon a petition setting forth the foregoing facts, the relator obtained a writ of certiorari to which the defendants interposed a return, from which it appeared that the defendants examined into the statements made by the relator and confirmed the assessment at $50,000, and the proceeding was brought on before the Special Term where an order was granted vacating and canceling the assessment, from which order the defendants appeal.

[1] By the charter of the city of New York (chapter 466 of the Laws of 1901) provision is made for the assessment of real and personal property for taxation. Section 892 of the charter provides that there should be kept in the several offices established for the department of taxes and assessments books to be called the Annual Record of Assessed Valuation of Real and Personal Estate, in which should be entered in detail the assessed valuation of such property within the limits of the several boroughs within the limits of the city of New York. Section 894 of the charter provides that the assessed valuation of all personal property shall be entered by the said deputy tax commissioner in books or rolls in alphabetical order of the names of the persons and corporations subject to taxation. By section 21 of the tax law (chapter 62 of the Laws of 1909) the assessors in each tax district are directed to prepare an assessment roll containing nine separate columns, and to set down in the first column the name of all taxable persons in the tax district and in the fourth column the full value of all the taxable personal property owned by each person, respectively, after deducting the just debts owing by him. The act of the tax commissioners in placing the name of Mary L. Vail upon the roll as owning property subject to taxation after Mary L. Vail was dead was undoubtedly void, and justified the assessment of no tax upon any property of which Mary L. Vail had died possessed. The fact of the death of Mary L. Vail prior to the second Monday of January, 1910, did not, however, exempt the property that she had owned prior to her death from taxation. She died leaving a last will and testament which had been presented for probate and had appointed the relator executor. Upon her death the relator, therefore, became the owner of the property within the meaning of the tax law, and the property of the decedent to which the relator as such executor was entitled was subject to taxation.

In People ex rel. Gould v. Barker, 150 N. Y. 52, 44 N. E. 785, Gould, the testator, had died prior to the second Monday of January, 1892, but his will was not admitted to probate until January 13, 1893. The tax commissioners had inserted the names of his executors as the persons owning the property of which Gould had died possessed on the tax roll, and assessed them the value of the property subject to taxation, before the admission of the will to probate or the issue of letters testamentary. Upon an appeal to vacate such assessment, it

was held that the executors were properly assessed as the owners of the property of the decedent. The court said that, when a deceased person has disposed of his personalty by will, "the title, possession and control thereof, from the moment of his death, must be vested in some one, and, in the absence of some wrongful interference by a stranger, it is in the person designated for that purpose by the deceased named in the instrument by which he has made the disposition. * * * The letters testamentary, founded upon the probate of the will, do not create the executor nor confer title upon him, but is the authentic evidence of the power conferred by the will and which existed before they were granted." The title, possession, and control which the deceased owner had passed from him at the moment of his death by virtue of the will to the executors and beneficiaries, and that the executors standing in such relation to the personal estate of the decedent who has disposed of it by will are in possession and control of the property within the meaning of the statute for all purposes of taxation.

It is thus settled that if the defendants had placed the name of the relator as executor of Mary L. Vail upon the roll upon the second Monday of January, 1910, and fixing the amount of property that he held as such executor subject to taxation, the assessment would have been legal, and the statute would have been in all respects complied with. The defendants having omitted the name of the relator as such executor from the tax roll, no tax could have been assessed against him, unless that omission had been supplied in pursuance of some express provision of the statute.

[2] By section 894a of the charter which was added by chapter 207 of the Laws of 1906, there was first passed a statute by which a mistake in the omission of a name from the annual record of assessed valuation of real and personal estate in the city of New York could be supplied. It is there provided:

"So long as the books of annual record of the assessed valuation of real and personal estate of the several boroughs remain open for public inspection, examination and correction, the board of taxes and assessments, after giving at least ten days prior personal notice to the party in interest, may add to the rolls of assessment of such annual record any real estate, or the name of the owner of any personal estate, and also the assessed valuation of any such real or personal estate that may have been omitted from such rolls on the day of the opening of such books."

The name of the relator as such executor was omitted by the defendant, and there had been no assessment of personal property held by him as executor of such estate, although the same might have been placed upon the rolls prior to the second Monday of January, 1910. I think that under this provision the defendants had the power to correct the omission and insert the name of the relator as such executor and also the assessed valuation of the personal estate that had been omitted from such rolls on the day of the opening of the books. The statute required, however, that, before this insertion could be made, the defendant should give at least 10 days personal notice to the party in interest. As a compliance with this provision they gave to the relator as executor of the estate of Mary L. Vail the 10 days notice required on March 14, 1910, and on March 24, 1910, 10 days

thereafter, inserted his name as such executor upon the roll, and assessed the property subject to taxation at $50,000. The relator in his petition states that said Mary L. Vail had property subject to taxation to a value exceeding that amount. He was clearly the party in interest as the only person whose name could be inserted and the only person directly interested in the taxation. It is claimed, however, by the relator that as the statute only authorized the name of the owner of any personal estate and the assessed valuation of any personal estate that had been omitted from such roll on the day of the opening of the books to be inserted, and as the relator was not the owner of the property within the meaning of this section, the act. of the defendants in inserting his name as the owner of the property subject to taxation was unauthorized; and attention is called to the fact that in the tax law a person holding property as executor or trustee is not designated as the owner, but as "holding the property" or in some other qualified character; that this section 894a of the charter was therefore only intended to apply to a case where the person whose name was inserted owned property by an absolute and unqualified ownership. It must be clear, I think, that the relator was the only person who could be taxed as the owner or in possession of the property of the decedent. If, as the Court of Appeals said in the Gould Case, supra, upon the death of the decedent the person designated as executor of the deceased owner in an instrument which disposed of the property was from the death of the decedent the person in whom the title to the property vested, then, it seems to me, that for all the purposes of taxation the executor was the owner of the property. Certainly no one else was the owner until in the course of due administration the legatees under the will had received from the executor the portion of the estate to which they were entitled. It was the relator as such executor who held and possessed the property, and in whom title to it had vested, and he was the only one to whom the term "owner" could apply. It was his name that had been omitted from the rolls as prepared and filed on the second Monday of January, 1910, and he was the "taxable person" whose name was required to be inserted in the first column of the assessment roll under section 21 of the tax law. He was also clearly the person to whom notice must be given under section 894a of the charter, and, when this section further provided that the name of the owner of the personal estate and also the assessed valuation of any personal estate may be added to the roll of assessments, it seems to me it clearly related to the person who had the title, possession, and control which the deceased owner had and which passed to the relator upon the death of the testatrix. I do not think that the case of People ex rel. Darrow v. Coleman, 119 N. Y. 137, 23 N. E. 488, 7 L. R. A. 407, at all affects this question. The decision of the Court of Appeals was placed squarely upon the point where there were three executors or trustees, two residing in this state and one in another state, and the property was in fact in the possession of the trustee in the other state, it was not property within this state subject to taxation. That case was subsequently distinguished in Beaman v. Feitner, 168 N. Y. 360, 61 N. E. 280.

[**3**] It seems to me, therefore, that the relator was the person upon whom personal service was required to be given, and that his name as the owner of this personal estate was properly entered by the defendants on the roll of property subject to taxation for the year 1910. The fact appears that the relator actually had notice of the imposition of this assessment, that he actually appeared before the tax commissioners within the time allowed by law, and applied to have the same vacated, and this answers the relator's claim that there was a taking of property without due process of law, and establishes the validity of this assessment.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the proceeding dismissed, with $50 costs.

McLAUGHLIN, MILLER, and DOWLING, JJ., concur.

SCOTT, J. (dissenting). Appeal from an order upon certiorari striking from the tax rolls the assessment of relator.

Relator is the executor of the will of Mary L. Vail, deceased, who died August 26, 1909. Mary L. Vail was assessed upon the tax roll for 1910 at $15,000 for personal property, and the entry thus remained on the second Monday of January, 1910. At this date, the will of Mary L. Vail had not been admitted to probate and letters testamentary had not been issued to relator. They were so issued January 12, 1910. On March 14, 1910, a notice was personally served upon the relator to the effect that it was proposed to place his name, as executor, upon the tax books and to assess him at $15,000, and on March 24th this was done. The respondents find their authority for this action in section 894a of the charter of the city of New York, which reads as follows:

"So long as the books of annual record of the assessed valuation of real and personal estate of the several boroughs remain open for public inspection, examination and correction, the board of taxes and assessments, after giving at least ten days' prior personal notice to the party in interest, may add to the rolls of assessment of such annual record any real estate, or the name of the owner of any personal estate, and also the assessed valuation of any such real or personal estate that may have been omitted from such rolls on the day of the opening of such books." Laws 1906, c. 207.

It is conceded that the assessment, if made against the relator as executor before the second Monday of January, 1910, would have been valid. The argument of the relator is that, while it is quite competent to assess an executor for personal property in his hands as executor, the act by authority of which the respondents acted does not authorize the addition to the assessment rolls after the second Monday of January of the name of an executor who holds the property sought to be taxed only in that capacity. Somewhat contrary to my first impression, I am of the opinion that this contention is well founded. The statute under consideration is a new one, and completely changes the law. Prior to its enactment, it was well settled that there was no authority to add a name to the assessment rolls after the first Monday of January. For this there is abundant authority.

It is also a well-accepted rule that statutes authorizing the imposition of taxes and assessments must be strictly construed in favor of the taxpayer, and that, when there is any ambiguity in the statute or doubt as to its effect, every doubt must be resolved and every intendment taken against the taxing power and in favor of the taxpayer.

The act under consideration permits the tax commissioners to add to the assessment roll after the second Monday of January the name of any owner of personal estate that may have been omitted from such rolls. The question is whether the word "owner," as here used, includes an executor or trustee. In a strict legal sense an executor is the owner of the personal property belonging to the estate, but it has been recognized universally that this ownership is of a qualified nature. In People ex rel. Darrow v. Coleman, 119 N. Y. 137, 23 N. E. 488, 1 L. R. A. 407, the Court of Appeals had before it the question of the taxability of personal property owned by three trustees, two of whom resided in this state, the third, who had the actual custody of the property, residing in a foreign state. It was sought to tax the property here on account of the residence here of two trustees, who were joint owners of the property. The court said:

"The case here presented is one where the persons assessed are not absolute owners of the property, but are trustees and have only a representative or official interest therein. * * * Generally a man is not spoken of as the owner of property who merely holds it as trustee and in a representative capacity."

There are a large number of cases in which this case is cited as authority for the proposition that within the meaning of the tax laws an executor or trustee is not included in the word "owner."

The tax statutes preserve and observe the same distinction, and, while they provide for the assessment of executors and trustees, as well as absolute owners, they speak of property "owned" by the latter class and of property "held" by the former. It is significant in my opinion that nowhere have I been able to find in the general tax law, or in the charter, the word "owner" used generically to include both absolute owners and qualified owners. On the contrary, in numerous sections in both acts, where it was desirable to use a generic word, the word "person" is used. I am therefore of opinion that it would be unreasonable and contrary to the accepted canons of construction to interpret the word "owner" in the section quoted as including executors and trustees.

The order appealed from should be affirmed, with costs.