PEOPLE ex rel. AVERY et al. v. PURDY et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

TAXATION (§ 84*)—PERSONS SUBJECT—ADMINISTRATORS.

Under Tax Law (Consol. Laws 1909, c. 60) § 8, providing that every person shall be taxed where he resides for all personal property owned by him or under his control as administrator, administrators with the will annexed were subject to taxation for personal property which had not yet been turned over to them by the temporary administrators when the assessment was made, though such property had been erroneously assessed against the temporary administrators in other tax districts; the appointment of the administrators with will annexed operating ipso facto to terminate the authority of the temporary administrators and to vest the new administrators with the immediate right to possession of the property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 174; Dec. Dig. § 84.*]

Appeal from Special Term, New York County.

Certiorari by the People, on the relation of Edward S. Avery, and others, etc., against Lawson Purdy and others, etc., Tax Commissioners. From an order reducing an assessment of personal property held

by the relators, respondents appeal. Order reversed, writ dismissed, and assessment confirmed as levied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Curtis A. Peters, of New York City (Eugene Fay, of New York City, on the brief), for appellants.

George F. Canfield, of New York City (Arthur B. Smith and Chester R. Dewey, both of New York City, on the brief), for respondents.

LAUGHLIN, J. This is a certiorari proceeding to review an assessment made by the appellants, as commissioners of taxes and assessments of the city of New York, against the relators, as administrators with the will annexed of Mary E. Brinkerhoff, for the year 1911. The decedent died on the 7th day of April, 1910, a resident of the village of Hastings, county of Westchester, leaving a last will and testament naming executors, and one Wait was the sole surviving executor. The probate of the will was contested, and Wait was appointed temporary administrator on May 6, 1910, and acted as such until his death on the 30th day of June thereafter; and on July 26, 1910, Howard E. Foster and Isaac Requa were appointed temporary administrators, and qualified and entered upon the discharge of their duties. On the 30th day of November thereafter the will was duly admitted to probate in the county of Westchester, and letters of administration with the will annexed were duly issued to the three relators on the 6th day of December, 1910, and they on that day duly qualified and entered upon their duties, and have ever since acted as administrators with the will annexed.

They were assessed as such administrators for personal property of the value of $750,000, and said assessment was duly entered in the annual record of assessed valuation of real and personal property for the borough of Manhattan for the year 1911. On the second Monday of January, 1911, the day upon which the taxable status of property in said borough is fixed by statute, two of the relators resided in said borough, but the third, Helen Avery Tucker, resided in the county of Albany. The appellants, who are the respondents in this proceeding, on an application duly made by the relators, thereafter duly determined that the value of the personal property of the decedent subject to taxation was $107,411, and they reduced the assessment against the relators to approximately two-thirds of that amount, or $71,000, owing to the nonresidence of Helen Avery Tucker, one of the relators. It was stipulated that no objection would be made to the assessment on account of the fact that her name, which was then Helen Avery, was included with the other two administrators in the assessment roll.

The only personal property actually in the possession of the relators on said second Monday of January, 1911, was the sum of $3,682.33, which they had collected from the real estate of the decedent. The temporary administrators had taken possession of the remaining personal property of the decedent, and they had not at that time delivered it to the administrators with the will annexed. Part of it, consisting

of money, was then on deposit to their credit as temporary adminis-
trators in banks, part of it was represented by mortgages on real
estate in the name of the decedent and held by the temporary admin-
istrators, and part of it was represented by bonds, which for the most
part were registered in her name, and those securities and certain
other personal property were kept in safe deposit boxes in the names
of the temporary administrators. Part of the personal property con-
sisted of paintings and bric-a-brac and household furniture; and most
of it was in the house known as No. 19 East Eightieth street, borough
of Manhattan, New York, which was the city residence of the dece-
dent, but some of it was at her summer residence at Longview near
Hastings-on-the-Hudson. Part of the personal property was turned
over to the relators by the temporary administrators, pursuant to an
order of the surrogate, on the 9th day of February, 1911, and the
remainder of it was turned over to them on or about March 2, 1911,
pursuant to a decree of the Surrogate's Court, but none of it had
been turned over to them on the second Monday of January, 1911.

The court at Special Term reduced the assessment to the sum of
$2,454.88, which is two-thirds of the money in the actual possession
of the relators on said second Monday of January.

The question presented by the appeal is whether the relators were
subject to taxation as administrators with the will annexed for the
property which had not been turned over to them by the temporary
administrators on the second Monday of January, 1911. The ques-
tion depends on the construction of section 8 of the Tax Law (Con-
solidated Laws, c. 60; Laws of 1909, c. 62), which, so far as here
material, provides as follows:

"Every person shall be taxed in the tax district where he resides when
the assessment for taxation is made, for all personal property owned by him,
or under his control as agent, trustee, guardian, executor or administrator.
Where taxable personal property is in the possession or under the control
of two or more agents, trustees, guardians, executors or administrators re-
siding in different tax districts, each shall be taxed for an equal portion of
the value of such property so held by them. * * *"

By the express provisions of the Tax Law an administrator is re-
garded as a taxable person and subject to taxation as if he were the
owner of the personal property of the estate in his possession or un-
der his control, the distribution of which has not been decreed on
the day on which the taxable status became fixed, but he is required
to be assessed therefor in his representative capacity and separately
from any assessment against him individually. See section 8, section
21, subdvs. 1, 4, and section 33 of Tax Law; People ex rel. Stebbins
v. Purdy, 144 App. Div. 361, 129 N. Y. Supp. 273, affirmed 203 N.
Y. 555, 96 N. E. 1127. See, also, City of New York v. Hall, 148 App.
Div. 917, 133 N. Y. Supp. 1115, and section 894 of Charter of Greater
New York. The appellants contend that the functions of the tem-
porary administrators ceased on the issuance of letters to the relators
as administrators with the will annexed, and that, therefore, all of
the personal property, if not in the actual possession of the relators
on the second Monday of January, 1911, was at least under their con-

trol, and that they were duly assessed therefor. The powers and duties of temporary administrators are prescribed in section 2672 of the Code of Civil Procedure, which authorized them to take into their possession the personal property of the decedent, and to secure and preserve it, and to collect choses in action, and confers upon them power to maintain an action or special proceeding for those purposes. It is well settled that the authority of temporary administrators is ipso facto terminated by the appointment of an executor or administrator with the will annexed, and without formal revocation of the letters of temporary administration, or an accounting. Hastings v. Tousey, 123 App. Div. 480, 108 N. Y. Supp. 526; Matter of Choate, 105 App. Div. 356, 94 N. Y. Supp. 176; Matter of Goetz, 120 App. Div. 10, 104 N. Y. Supp. 832. The learned counsel for the relators contends that the temporary administrators not only had the actual possession of the personal property, but that they were entitled to retain the possession thereof, and therefore had the control thereof, until the surrogate's court required a judicial settlement of their accounts pursuant to the provisions of section 2726 of the Code of Civil Procedure. We are of opinion that this contention is not tenable. The temporary administrators may have had the right to retain their commissions and to deduct the just and reasonable expenses necessarily and actually paid out by them (see section 2730 of Code of Civil Procedure); but subject only to those rights, if they be rights, at most upon the issuance of letters to the administrators with the will annexed, and these qualified the legal title to the personal property, and the right to possession thereof immediately passed to them and the property became subject to their control (Matter of Lewis, 17 N. Y. Wkly. Dig. 311). See, also, cases supra; also Matter of Haight, 32 App. Div. 496, 53 N. Y. Supp. 226, and People ex rel. Campbell v. Comm. of Taxes, 38 Hun, 536. The fact that the Legislature has authorized a proceeding by executors or administrators for the discovery of property, and has conferred authority on the surrogate to require the delivery of personal property to them where their right to the immediate possession thereof is not controverted, a summary remedy which has been construed to be applicable to the case of a temporary administrator (Code of Civil Procedure, §§ 2707, 2710; Matter of O'Brien v. Baker, 65 App. Div. 282, 72 N. Y. Supp. 1001), does not show that a temporary administrator is entitled to hold the property until delivery is so ordered. The erroneous assessment of the temporary administrators for this personal property in other tax districts cannot affect the validity of the assessment now under review.

We are of opinion, therefore, that the court erred in reducing the assessment; and it follows that the order should be reversed, with costs, and the writ dismissed and the assessment confirmed as levied, with costs. All concur.