Matter of the Estate of ANDREW F. KENNEDY, Deceased.

(Surrogate's Court, New York County, January, 1920.)

Executors and administrators — when temporary administrators become functus officio — motions and orders — wills — Code Civ. Pro. §§ 1310, 2770.

> The affirmance by the Appellate Division of a decree admitting a will to probate and granting letters testamentary, *ipso facto,* terminates the authority of the temporary administrators, and a motion to revoke the letters of temporary administration will be denied.

Where an order appointing temporary administrators provides that they act until " the further order of this court " the order of the surrogate entered on the remittitur from the Appellate Division is a sufficient " further order of this court " and terminates the right of the temporary administrators to act as such.

The provisions of section 1310 of the Code of Civil Procedure are made applicable to the Surrogate's Court by section 2770 of said Code, and where on appeal to the Court of Appeals from the decision of the Appellate Division an undertaking duly approved is filed, that part of the motion which asks for an order directing the temporary administrators to forthwith turn over to the executors all the assets of the estate now in their hands or custody or under their control will be denied pending the appeal.

Though the right of the executors to administer is strengthened by the affirmance by the Appellate Division of the decree admitting the will to probate, and further confirmed by the denial of a motion for leave to appeal to the Court of Appeals, the executors are prevented from acting because of the existing stay, and in the circumstances the best interests of the estate will be subserved by the appointment of the executors as temporary administrators. *Matter of Kennedy,* 186 App. Div. 19, followed.

MOTION by an executor for an order terminating the powers and authority of temporary administrators.

Joseph G. Cohen, for proponents.

Felix A. Muldoon (Charles H. Tuttle, of counsel), for contestants.

FOLEY, S. This is a motion by Bernard J. McCann, one of the executors named in the last will and testament of the above-named deceased, for an order terminating the powers and authority of Bernard J. McCann and Jeremiah J. Geagan as temporary administrators of the estate of the above-named deceased and revoking the letters of temporary administration granted to them and directing that they forthwith turn over to

Bernard J. McCann and Joseph G. Cohen, as executors of the last will and testament of the above-named deceased, all the property and assets of the estate now in their hands or under their control as such temporary administrators.

That part of the motion which asks for an order of this court terminating the powers and authority of the temporary administrators and revoking their letters is denied for the reason that the affirmance by the Appellate Division of the decree of this court admitting the will to probate and granting letters testamentary to the executors *ipso facto* terminated the authority of the temporary administrators and no formal revocation of the letters of temporary administration is necessary. *People ex rel. Avery* v. *Purdy,* 155 App. Div. 607; *Matter of Kennedy,* 186 id. 19; *Matter of Choate,* 105 id. 356; *Matter of Durban,* 175 id. 688. With regard to the order appointing the temporary administrators, which contained a provision that they act until " the further order of this court," it would appear that the order of the surrogate on the remittitur from the Appellate Division is a sufficient further order of this court terminating the right of the temporary administrators to act as such.

That part of the notice which asks for an order directing the temporary administrators to forthwith turn over to Bernard J. McCann and Joseph G. Cohen, as executors of the above-named deceased, all the property and assets of the estate now in their hands or in their custody or control, must also be denied, because the executors are stayed from receiving such property or in any way proceeding with the administration of the estate by reason of the pending motion for leave to appeal to the Court of Appeals from the decision of the Appellate Division. *Matter of Gihon,* 29 Misc. Rep. 273; *Matter of Kennedy, supra.* Under the provisions

of sections 1310 and 2557, Code of Civil Procedure, where a motion for leave to appeal is accompanied by the filing of an undertaking with this court, all proceedings are stayed until the granting or refusal of such leave to appeal to the Court of Appeals. This undertaking has been approved and filed. The stay is therefore effective. The provisions of section 1310 of the Code of Civil Procedure are made applicable to the Surrogate's Court by section 2770 of the Code of Civil Procedure. See, also, *Matter of Pye,* 21 App. Div. 266.

It therefore appears that there is now no one vested with authority to administer this estate and the estate is in the same situation as it was at the time of the appeal to the Appellate Division from the decree of this court admitting the will to probate. This lack of authority and management creates a condition highly detrimental to the best interests of the estate and the conservation of its valuable property, and to meet this exigency some one or more persons must be appointed who will have the authority and the responsibility to properly conserve the assets of this estate pending the decision of the Court of Appeals. Upon the oral argument it has been called to my attention that one of the principal assets of the estate is a large business conducted at No. 12 Cortlandt street, New York city, and that it is necessary at present, in order to carry on the business, that disbursements of considerable sums of money be made. If these disbursements are not made, it is claimed, loss will result.

By reason of the unanimous affirmance by the Appellate Division of the decree of this court admitting the will to probate, the position of the executors in their right to administer this estate is strengthened, and it is further confirmed by the denial by the Appellate Division of the application for leave to appeal to the

Surrogate's Court, Westchester County, January, 1920.   [Vol. 110.

Court of Appeals, they being prevented from acting only by virtue of the existing stay.

I am therefore of the opinion that the best interests of this estate will be subserved by the appointment of the persons nominated as executors by the testator as temporary administrators. Following the practice prescribed in such a case by the Appellate Division in *Matter of Kennedy, supra,* an application will be entertained on proper papers for the appointment of such persons as temporary administrators.

Decreed accordingly.