FREDERICK G. MUNTZ, Plaintiff, *v.* PETER LEONARD and Another, Defendants.

Supreme Court, Monroe County, January 29, 1931.

*William J. Baker*, for the plaintiff.

*Charles B. Bechtold*, for the defendants.

RODENBECK, J.  The plaintiff's cause of action, if any, arose when the judgment was rendered in his favor, in which an order of arrest had been issued, which was December 1, 1926.  (*Marks v. Townsend*, 97 N. Y. 590; *Vittorio v. St. Regis Paper Co.*, 239 id. 148; *Skinner v. Asano Bussan Co.*, 130 Misc. 578.)  The Statute of Limitations applying to an action for malicious prosecution is two years after the action accrued.  (Civ. Prac. Act, § 50.)  The plaintiff's action was brought after the expiration of two years from the rendition of the judgment.  The expiration of time within which to commence the action was set up in the answer as a defense.  It was a complete defense.  The plaintiff was required by order to reply.  His reply was a general denial.  In view of the fact that the judgment is a matter of record, this denial is frivolous and will be stricken out.  Whatever the practice has been heretofore, the Rules of Civil Practice provide that " If an answer * * * be * * * frivolous the court may treat the pleading as a nullity and give judgment accordingly."  (Rule 104.)

Under this rule, the reply of the plaintiff is stricken out and judgment given the defendants on the pleadings, which show that the plaintiff's action was not brought within the period prescribed by the Statute of Limitations.

So ordered.