In the Matter of the Estate of KATE M. G. CROWLEY, Deceased.

Surrogate's Court, Bronx County, June 1, 1938.

*Jerome Beaudrias* [*Libby Moskowitz* of counsel], for Andrew G. MacLean, petitioner.

*Monfried & Monfried* [*Richard M. Monfried* of counsel], for Joseph A. Weisman and Gustav Barthen, as executors, etc.

HENDERSON, S. The petitioner in this proceeding for a compulsory accounting was not a creditor of the decedent, but he has a claim for work done in 1930 upon estate realty at the request of one of the executors. The decedent died in 1927, and letters testamentary were issued in the same year. The petition herein was filed in March, 1938. The executors have never accounted for their proceedings.

The executors deny that the petitioner is a creditor of the estate. They also plead that the alleged claim accrued more than six years prior to the commencement of this proceeding, and that the proceeding was instituted more than ten years after the issuance of letters testamentary. Ordinarily such a claim could be determined in an action at law against the executor personally. However, this petitioner sued the executor upon the latter's individual liability in the Supreme Court in 1931. The executor successfully defended the action on the ground that he had not made himself personally liable and that the work was done solely on the credit of the estate.

Under such circumstances the executor created a charge upon the estate, in favor of the petitioner, equivalent to the executor's lien for reimbursement had he paid the petitioner (*Jessup* v. *Smith*, 223 N. Y. 203, 207), and the petitioner has a remedy by subrogation to the right of the executor, had he paid the charges, to be idemnified out of the estate assets. (*Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394, 408.) That right is an equitable lien. (*Downing* v. *Marshall*, 37 N. Y. 380, 389.)

The petitioner can obtain no relief in an action at law against the executors in their representative capacity (*Austin* v. *Munro*, 47 N. Y. 360, 366), but he can maintain an equitable action to enforce his charges against the estate. (*O'Brien* v. *Jackson*, 167 N. Y. 31, 33.) His rights are cognizable only in a court of equity

or in the Surrogate's Court. Hence this proceeding is controlled by the same Statute of Limitations that applies to suits in equity. (Civ. Prac. Act, § 53.)

That statute has not run as to the petitioner's claim because ten years have not elapsed since his rights accrued. The issuance of letters did not start the running of the statute.

The executors contend that the Surrogate's Court has no jurisdiction to pass upon a claim of a person who is not a creditor of the decedent. The cases cited by them were determined prior to the 1922 amendment of section 217 of the Surrogate's Court Act, which expressly confers such jurisdiction. The executors also urge that such a claimant cannot petition for a compulsory accounting. The statutory rule for construing the provisions of the Surrogate's Court Act includes as " creditor," " any person having a claim for expense of administration." (Surr. Ct. Act, § 314, subd. 3.) No contrary intent is expressly declared in the statute designating the persons who may petition for compulsory accountings. (Surr. Ct. Act, § 259.) The petitioner is a creditor within the intendment of section 259, and is entitled to present this petition.

The Surrogate's Court now has ample jurisdiction to determine the claim and to enforce the equitable lien. (Surr. Ct. Act, § 20, subd. 11; §§ 40, 217, 260, 263.)

In the judicial settlement of the executors' account all interested parties will have an opportunity to participate in the hearing of the claim and to question its validity, reasonableness and propriety. They should have this opportunity. (*O'Brien* v. *Jackson, supra.*)

Application granted.

Settle order directing the executors to file their account together with a petition for its judicial settlement and to obtain the issuance of a citation within sixty days after the service upon them of a copy of such order with notice of entry thereof, and to complete service of such citation without undue delay.