In the Matter of the Accounting of ANIELLO AQUINO, as Temporary Administrator, and ANIELLO AQUINO et al., as Executors of GIOVANNI AQUINO, Deceased.

Surrogate's Court, Bronx County, January 21, 1946.

*Hamilton & Freeman* for Maryland Casualty Co., respondent.

*Archibald Palmer* for Lina Aquino, as administratrix of the estate of Thomas Aquino, deceased, objectant.

HENDERSON, S. This is a motion by the surety upon the official bond of the temporary administrator, pursuant to rules 103 and 104 of the Rules of Civil Practice, to strike out a reply to certain defenses contained in the surety's answer and for a judgment in its favor.

The decedent herein died on February 16, 1919. Temporary letters of administration were granted on February 24, 1919. The decedent's will was thereafter admitted to probate and letters testamentary issued to the executors without bond on September 9, 1919.

On March 8, 1944, after a period of over twenty-two years, the account of the temporary administrator and the executors was filed with a petition for the judicial settlement thereof. Objec-

tions to the said account were filed by the respective representatives of the estates of the testator's deceased son and widow. Thereupon, the surety herein was given leave to file an answer in this accounting proceeding which answer among other things raised the defenses of the Statute of Limitations and general release as to the objections of the administratrix of the estate of the deceased son (186 Misc. 7).

This objectant, pursuant to the order of the court has filed a reply to these defenses, consisting of twenty-two paragraphs. It contains the grounds upon which the objectant relies to defeat the operation of the statute and the defense of the general release. It also pleads denials " of any knowledge or information sufficient to form a belief " and " upon information and belief ". The denials are addressed " to the allegations " and not to any specific allegation or to each and every allegation of the surety's answer. This form of denial has been held to be bad pleading (*Kirschbaum* v. *Eschmann,* 205 N. Y. 127; *D. & G. Girl Coat Co.* v. *Kafka,* 218 App. Div. 607, affd. 245 N. Y. 646; *Dahlstrom* v. *Gemunder,* 198 N. Y. 449).

The court, in determining this motion will confine itself to that portion of the reply which directs itself to the defense of the Statute of Limitations, since a determination of this issue in favor of the surety will make it unnecessary to consider the effect of any other portion of the pleading.

The affirmative matters contained in the reply are set forth in paragraphs " 4 " to " 7 " inclusive and " 8 " to " 19 " inclusive.

In paragraphs " 4 " to " 7 " inclusive, the objectant alleges that the account of the temporary administrator was prepared with the knowledge of the surety, and that by reason thereof, the statute was waived by the surety.

Paragraphs " 8 " to " 19 " inclusive allege a history of the various steps taken in this accounting proceeding by the parties and describe the litigation which has already transpired herein. The objectant then concludes with the allegation that by reason of the laches of the surety it is estopped from filing an answer raising the statute as a defense.

This court has already determined the issues raised in this affirmative matter pleaded by the objectant. In the decision made upon the motion of the surety for leave to file its answer, which motion was strenuously contested, the court found that although the temporary administrator, by filing his account with a petition, had effectively waived the statute, this conduct did not constitute a waiver on the part of the surety (*Matter of Aquino,* 186 Misc. 7). Questions of estoppel and laches were

necessarily considered as part of the issues in determining the surety's right to answer and raise the defense, and while this right was limited with respect to the widow's estate, there was no limitation placed upon its right to answer with respect to this objectant.

The objectant was directed to reply to the plea of the statute, because there are many different pleas by which the statute may be avoided and the surety is entitled to know upon which specific ground, if any, the objectant relies to defeat the operation of the statute.

The affirmative matters pleaded fail in their purpose of pleading an avoidance. Nothing is alleged therein which would operate to suspend the running of the statute. A competent waiver is not pleaded. The matters of waiver, estoppel and laches as pleaded are now *res judicata.*

Against this background it is readily apparent that the allegations comprising the affirmative matters in their failure to plead a lawful avoidance, are irrelevant and immaterial. They are not germane to the issue and would only tend to confuse the real issue.

The surety pleads a six-, ten- and twenty-year statute. This proceeding is controlled by the ten-year Statute of Limitations, which applies to suits in equity. (Civ. Prac. Act, § 53; *Matter of Crowley,* 167 Misc. 840.) .

On September 9, 1919, when letters testamentary issued to the executors after decedent's will was admitted to probate, the authority of the temporary administrator terminated and no formal revocation of his letters was necessary (*Hastings* v. *Tousey,* 123 App. Div. 480; *Matter of Kennedy,* 110 Misc. 92). At that time the Statute of Limitations began to run in favor of the temporary administrator (*Spallholz* v. *Sheldon,* 216 N. Y. 205). Only actual or intentional fraud would be effective to suspend it (*Spallholz* v. *Sheldon, supra*). The reply, however, pleads only denials in addition to the matter heretofore shown to be irrelevant.

In view of the fact that the decree admitting the will to probate and the issuance of letters testamentary are matters of public record, these denials are frivolous (*Olsen* v. *Singer Manufacturing Co.,* 143 App. Div. 142; *Muntz* v. *Leonard,* 139 Misc. 320). They must, with the other matters which are insufficient to prove a suspension of the statute, be stricken out and judgment given the surety on the pleadings which show that the objections heretofore interposed by the objectant are, with respect to such surety, barred by the Statute of Limitations.

Settle order accordingly.