COOKMAN v. STODDARD et al.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. Executors and Administrators (§ 535*)—Accounting—Enforcement of Decree—Citation of Sureties.

Since Code Civ. Proc. § 2728, requires sureties on an administrator's bond to be made parties to a voluntary accounting by the administrator, a decree of the surrogate on such accounting directing payment of a specified amount by the administrator is not binding on the sureties, where they were not cited and did not appear in the proceeding.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2462–2475; Dec. Dig. § 535.*]

2. Constitutional Law (§ 172*)—Obligation of Contracts—Procedure—Parties.

The application of Code Civ. Proc. § 2728, requiring the sureties of an administrator to be made parties in proceedings for a voluntary account-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing and for judgment on a bond executed before the section was passed, does not impair the obligation of contracts, as it affects the procedure only and not the remedy.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 516; Dec. Dig. § 172.*]

Kruse, J., dissenting.

Appeal from Trial Term, Lewis County.

Action by Helen R. Cookman against Morgan A. Stoddard and another. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

C. S. Mereness, for appellant.

B. H. Loucks and Frank Bowman, for respondents.

ROBSON, J. This is an action against the surviving sureties upon the bond of one George Wider, as administrator with the will annexed of Charles A. Wider, deceased, in which plaintiff seeks to recover the amount directed to be paid by said administrator to her, as a legatee of said testator, by decree of the Surrogate's Court of Lewis county, made in proceedings instituted in that court by him for a voluntary accounting as such administrator. It is conceded that the sureties—defendants above named—were not cited in said proceedings, and did not appear in any manner therein. The court granted the nonsuit and directed the judgment entered thereon solely because of such failure to cite the sureties and their nonappearance on said accounting. The administrator's bond was in the usual form, except that it does not appear to have been executed by the obligor named therein. Plaintiff relies upon the provisions of the decree of judicial settlement of the administrator's account, by which he is directed to pay to her the sum of $144.57, as fixing the amount for the payment of which, in default of payment by the administrator, defendants are liable to her. If the law stood as it was prior to the amendment to section 2728 of the Code of Civil Procedure, which became operative after the bond was given, and before the proceedings for the administrator's accounting were begun by him, there could be no question of the absolute correctness of her position. The effect of this amendment was to make the sureties upon the bond of the petitioning administrator in proceedings for voluntary accounting parties, whose presence in fact, or by operation of law, either by service of citation on them or by voluntary appearance, was as necessary as that of any other one of the classes of persons designated in the section. If the sureties were not in fact cited, or did not appear, then before decree of distribution could properly be made they must be brought in by supplemental citation as required by section 2743 of the Code. A case apparently decisive in support of this judgment is McMahon v. Smith, 24 App. Div. 25, 49 N. Y. Supp. 93. It is true that the decision in that case held the sureties on the bond bound by the decree of the Surrogate's Court, although they were not parties to the proceed-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing. But the proceedings under review in that case were in a compulsory, not a voluntary, proceeding for accounting. Both the prevailing and dissenting opinions delivered in that case clearly show that, had the proceeding in which the decree then in question was made been for a voluntary accounting, the sureties would not have been bound thereby. Page 28 of prevailing opinion, and page 32 et seq. of dissenting opinion, 24 App. Div., and pages 94, 98, of 49 N. Y. Supp., by O'Brien, J. Appellant's counsel does not seem to question seriously the propositions inferentially, at least, established by that decision. He does, however, insist that, if this amendment is to be given effect as applied to the present case, it would necessarily result in impairing the obligation of the contract expressed in the bond, which was made before this law was passed. His position is that because the statute, as amended, requires that a surety must be made a party to proceedings for voluntary accounting of his principal before he will be bound by the provisions of the decree made in those proceedings, therefore the obligation of the contract expressed in the bond is in some way impaired. But, it would seem, the amendment affects only the procedure to be adopted in enforcing a remedy on the bond. The obligation of the bond is not thereby impaired in the slightest; nor is the remedy denied, or made less effectual than that which existed when the bond was filed. There is added a single necessary step in the formal procedure, viz., making the surety a party to the proceeding, and, this being done, the decree made therein is just as effectual in fixing the sureties' obligation to respond in damages for a breach of the condition of the bond as it ever was. It has always been held that procedure in enforcing a given remedy, even the remedy itself, or the rules of evidence, may be changed, or modified, and the changed condition thereof made applicable to existing contracts, provided only "a remedy be not denied, or so embarrassed with conditions and restrictions as seriously to impair the value of the right." Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610; Black, Const. Prohibition, § 192; Marx v. Hanthorn, 148 U. S. 172, 13 Sup. Ct. 508, 37 L. Ed. 410; Cooley, Const. Lim. (Ed. 1903) 524.

Judgment and order affirmed, with costs. All concur, except KRUSE, J., who dissents.

KRUSE, J. (dissenting). I think the judgment ought to be reversed. The condition of the bond is that the administrator will faithfully discharge the trust reposed in him as such, and obey the lawful decrees and orders of the Surrogate's Court of the county of Lewis, touching the estate committed to him. The administrator made his petition for a final judicial settlement to the Surrogate's Court, and a decree was made settling his accounts and directing distribution, but the citation was not served upon the sureties. Section 2728 of the Code of Civil Procedure provides that an executor or administrator may present his account and written petition praying that his account may be judicially settled, and that the sureties in his official bond, and other persons interested and named in said section may be cited to attend the settlement. There was no provision for citing the

sureties at the time the bond was executed. It does not seem to me that the failure of the administrator to serve the citation upon the sureties prevents the plaintiff from recovering upon the bond. I think the decree was a lawful decree against the administrator, and that the proceeding in the Surrogate's Court is in no proper sense a remedy upon the bond.