GERTRUDE W. BLAKE and GENEVIEVE G. PLATT, Respondents, v. NATIONAL SURETY COMPANY, Appellant. (Action No. 1.)

GENEVIEVE G. PLATT, Respondent, v. NATIONAL SURETY COMPANY, Appellant. (Action No. 2.)

GERTRUDE W. BLAKE, Respondent, v. NATIONAL SURETY COMPANY, Appellant. (Action No. 3.)

First Department, July 11, 1918.

Executors and administrators — liability of surety of administratrix not cited on voluntary accounting — right of surety to notice of application to vacate decree in accounting — liability of new surety of administratrix appointed upon insolvency of original surety — supplemental citation to new surety.

The provisions of the Code of Civil Procedure require a surety of an administratrix to be cited on a voluntary accounting by her, and if not cited said surety is not bound by the decree.

A surety for an administratrix is entitled to notice of an application to vacate a decree in a voluntary proceeding for an accounting.

A second surety of an administratrix, appointed pursuant to the provisions of the Code of Civil Procedure upon the insolvency of the original surety, not having been cited in a voluntary proceeding for an accounting by the administratrix, and not having appeared therein, is not bound by the decree, regardless of whether or not the original surety would have been bound thereby.

It is the duty of the Surrogate's Court in a voluntary proceeding for an accounting, if called upon by any party in interest, to issue a supplemental citation bringing in a new surety.

APPEALS by the defendant, National Surety Company, in each action from judgments in favor of the plaintiffs, entered

First Department, July, 1918.                [Vol. 184.

in the office of the clerk of the county of New York on the 15th day of December, 1917, upon verdicts of a jury rendered by direction of the court, both sides having moved for the direction of a verdict at the close of the case, and also from orders entered in said clerk's office on the 14th day of December, 1917, denying defendant's motion for a new trial in each case made upon the minutes.

*Arnold Lichtig* of counsel [*David C. Cohen* with him on the brief], for the appellant.

*John J. Curtin,* for the respondents.

LAUGHLIN, J.:

The recovery in each action was against defendant as surety on a bond for $10,000 executed by the administratrix of the estate of Frank E. Waters, deceased, and it as surety on the 8th day of November, 1911, and for the amount decreed in favor of the plaintiffs in the respective actions by a decree of the Surrogate's Court of New York county made on the 5th day of July, 1917, in a proceeding for the voluntary settlement of the accounts of the administratrix, who was the widow of the decedent and to whom letters of administration had been duly issued on the 24th day of November, 1906, at which time the Metropolitan Surety Company became surety on her bond. The original surety subsequently became insolvent and its affairs were placed in the hands of a receiver. On that ground Gertrude W. Blake, a plaintiff in two of the actions, petitioned the Surrogate's Court, on the 9th day of October, 1911, pursuant to the provisions of section 2597 of the Code of Civil Procedure, as it then existed, alleging these facts and that she was interested in the estate, praying that a citation issue to the administratrix requiring her to give new sureties. A citation was issued accordingly and on the return thereof on the 6th day of November, 1911, an order was made requiring the administratrix to give new sureties upon her bond as administratrix in the usual form in the sum of $10,000, pursuant to the provisons of section 2598 of said Code as then numbered. On the 8th day of November, 1911, the bond on which the actions were brought was given by the administratrix as

principal and defendant as surety, and it is recited therein that it was executed pursuant to said order directing the administratrix " to file a new bond " in the amount and conditioned as therein provided. The conditions were those required with respect to an original bond, viz., that the administratrix would faithfully execute the trust and obey all lawful decrees and orders of the Surrogate's Court touching the administration of the estate.

The accounting proceeding in which the decree was made was instituted by the petition of the administratrix on the 22d day of December, 1910, and a citation was duly issued to the parties interested and to the *original* surety as required by the mandatory provisions of section 2728 of the Code of Civil Procedure as then numbered. The citation was served on the *receiver* of the surety company but not on any officer of the company. It was not shown by the plaintiffs, who had the burden of showing all jurisdictional facts to render the decree binding on plaintiff (See *Matter of Killan,* 172 N. Y. 556; *Matter of Martin,* 211 id. 328), that either the receiver or the company appeared in the proceeding. On the 30th day of January, 1911, a decree was entered in said proceeding settling the accounts of the administratrix and *adjudging that she had accounted for all property* received by her and providing for the distribution of the sum of $8,483.20, which she was still to receive from one of the next of kin and discharging her upon making distribution thereof. Upon the petition of said Blake verified the 24th day of June, 1911, and without, so far as appears, citation or other notice to the original surety or to the receiver, after certain adjournments, a decree was made on the 21st of September, 1911, purporting to vacate the former decree settling the accounts of the administratrix and permitting said petitioner to file objections to the account, but containing no recital of an adjudication with respect to the facts on which it was predicated. That decree was resettled on the 27th day of June, 1913, by incorporating therein a recital that the original decree was vacated on the ground that it was based on a written stipulation or contract between the parties in interest dated December 17, 1910, which was obtained " by fraud and misrepresentation on the part of the administratrix."

The decree of July 5, 1917, charged the administratrix with having on hand the sum of $41,965.75, together with interest from December 17, 1910.

Although for the reasons stated in our opinion on an appeal from said decree of July 5, 1917 (*Matter of Waters*, 183 App. Div. 840), and from certain orders in the proceeding argued and to be decided herewith, the surrogate erroneously vacated the original decree and was without jurisdiction to adjudicate with respect to the validity of said agreement — it is doubtful whether the facts with respect thereto are sufficiently presented in these records to predicate reversal herein on want of jurisdiction in the Surrogate's Court to make the decree. If we were obliged to affirm these judgments the appellant could doubtless obtain relief by motion to vacate the judgments herein on the ground that the decree has been vacated; but there is one ground, at least, on which we think the judgments must be reversed. As already observed, a mandatory provision of the Code of Civil Procedure required that the surety be cited on a voluntary accounting and if not cited it is not bound by the decree. (*Cookman* v. *Stoddard*, 132 App. Div. 485; affd., 200 N. Y. 563.) It is contended that the original surety was cited and that the defendant stepped into its shoes and became a party to the accounting proceeding without citation or notice. It is not at all clear that the service on the receiver constituted good service on the original surety (See *Kincaid* v. *Dwinelle*, 59 N. Y. 548; *City of New York* v. *Illinois Surety Co.*, 180 App. Div. 513); but if it did, that surety was entitled to notice of the application to vacate the original decree. Making a surety a party to an accounting proceeding is no protection if a final decree adjudicating that his principal has accounted for all property received may be vacated without notice to the surety and a decree subsequently entered charging the principal with more than the amount of the bond. It is perfectly plain that in no event could the appellant be deemed bound by the decree on the theory that no citation or notice to it was necessary unless the decree bound the original surety, and it is equally plain on these facts that the decree would not bind the original surety. Moreover, the proceeding by which the defendant became surety was

not in the accounting proceeding and contained no reference to it; and we are of opinion that the appellant not having been cited into the accounting proceeding and not having appeared therein was not bound by the decree, regardless of whether or not the original surety would have been bound thereby. The appellant did not take the place of the original surety in the sense of assuming any of its liability. The liability of the appellant was an original undertaking and it was entitled to the same notice of the accounting proceeding then virtually starting *de novo* as if it had been the original surety. It may be that the appellant does not come within the letter of section 2743 of the Code of Civil Procedure, as it then existed, requiring that a supplemental citation issue to bring in a party who has not been cited or has not appeared; but the surety on a new bond, in view of the provisions of said section 2728 requiring that a citation issue to the surety, is within the spirit of it and under those sections there can be no doubt but that the Surrogate's Court had authority and it was its duty, if called upon by any party in interest, to issue a supplemental citation bringing in the new surety. (See *Cookman* v. *Stoddard, supra.*)

The point made by appellant with respect to the omission of other parties who may have a claim against the surety would require serious consideration were it necessary to decide it, but if sustained that would merely require a reversal and a suspension of the trial until the other parties were brought in; whereas we think, for the reasons already assigned and without regard to the other points argued, that the judgment and order in each action must be reversed, with costs, and the complaint therein dismissed, with costs.

CLARKE, P. J., DOWLING, SHEARN and MERRELL, JJ., concurred.

In each action judgment and order reversed, with costs, and complaint dismissed, with costs.