JOSEPH F. COFFEY, as Administrator, etc., of MICHAEL J. COFFEY, Deceased, Respondent, *v.* PATRICK H. ROCHE, Appellant.

First Department, December 17, 1920.

Pleadings — action by administrator with will annexed — defense of Statute of Limitations — when plaintiff will be required to reply — security for costs.

Where the complaint of an administrator with the will annexed contains eight causes of action charging the defendant with failing to account for and return certain property held for the use and benefit of the estate and the defendant sets up as a defense the six and ten-year Statutes of Limitation, the plaintiff should be required to reply to said defenses.

The fact that the complaint alleges that the plaintiff as administrator made demands upon the defendant within the period of said Statutes of Limitation is not inconsistent with prior demands upon the defendant.

The plaintiff should not be required to give security for costs.

APPEAL by the defendant, Patrick H. Roche, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the

19th day of April, 1920, denying defendant's motion to compel the plaintiff to reply to the second and third separate defenses alleged in the defendant's answer which set up the six and ten-year Statutes of Limitations, respectively, and to give security for costs.

*Leon N. Futter* of counsel [*George Gordon Battle* with him on the brief], *Myer Nussbaum*, attorney, for the appellant.

*Frederick W. Sparks* of counsel [*Sparks, Fuller & Stricker*, attorneys], for the respondent.

GREENBAUM, J.:

The action is brought by Joseph F. Coffey, as administrator with the will annexed of Michael J. Coffey, deceased, who died on March 20, 1907, leaving a last will and testament which was probated in the Surrogate's Court of Kings county. The complaint alleges eight causes of action. In the causes of action numbered 1, 2, 3 and 4 plaintiff alleges that plaintiff's decedent in his lifetime was the owner of certain pieces of real property which were sold and that the proceeds or a portion thereof were in each case turned over to the defendant by the decedent during his lifetime to and for his use and benefit to be accounted for and returned to him by the defendant. The remaining causes of action 5, 6 and 7 in effect allege or attempt to allege the transfer to the defendant of certain properties or the proceeds thereof subsequent to the death of the decedent to hold the same to and for the use and benefit of the estate of the decedent and to be accounted for and returned by the defendant.

It is unnecessary on a motion to compel a reply to decide whether the complaint is good or bad. (*Dittenfass* v. *Horsley*, 171 App. Div. 507; *Olsen* v. *Singer Manufacturing Co.*, 138 id. 467.) The allegations in the complaint in each of the alleged causes of action are that the plaintiff as administrator with the will annexed made a demand upon defendant on or about the 15th day of January, 1917, that he pay over to the plaintiff as such administrator the sums of money variously alleged to be due. These allegations of demand are not inconsistent with the fact that a prior demand or demands for the payment of these moneys had been made either by plaintiff or

decedent, as the case may be, nor with a state of facts which would establish a clear renunciation or repudiation of the acts of the defendant at a time more than six or ten years before the commencement of this action so as to constitute a bar by reason of the Statute of Limitations applicable thereto. (*Woolley* v. *Stewart*, 222 N. Y. 347.) The complaint is of such a character that it would seem to be peculiarly proper to require the plaintiff to reply to the defenses which set up the Statute of Limitations to enable the defendant either to test the validity of these defenses or to narrow the issues upon the trial.

The order so far as it denies the motion to compel the plaintiff to reply to the second and third defenses in the answer should be reversed and said motion granted. So far as the order denies defendant's motion to compel the plaintiff to give security for costs it is affirmed. No costs to either party on this appeal.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order so far as it denies motion to compel plaintiff to reply to second and third defenses reversed and said motion granted and in all other respects affirmed, without costs to either party of this appeal.