In the Matter of the Accounting of Aniello Aquino, as Temporary Administrator, and Aniello Aquino et al., as Executors of Giovanni Aquino, Deceased.

Surrogate's Court, Bronx County, October 19, 1945.

*Hamilton & Freeman* for Maryland Casualty Co., respondent.

*Archibald Palmer* for Lina Aquino as administratrix of the estate of Thomas Aquino, deceased, objectant.

*Arthur L. Gould* for Angelina V. Latona, as executrix of the will of Carmela Aquino, deceased, objectant.

*Ryan & McCarthy* for Angelina Napolitano.

*Vincent J. La Gamma* for temporary administrator and executors, petitioners.

HENDERSON, S.    This is a motion by the surety upon the official bond of Aniello Aquino, as temporary administrator, for leave to file a proposed answer in the pending proceeding for the judicial settlement of the accounts of Aniello Aquino, as temporary administrator, and Aniello Aquino and Ciro Aquino, as executors of the last will and testament of the testator herein.

The decedent died on the 16th day of February, 1919, survived by his widow, three sons and a daughter. His assets were substantial, consisting mainly of a wine business and certain real property.

Temporary letters of administration were granted on February 24, 1919, to the son Aniello upon his qualifying and filing the bond of the surety herein, the Maryland Casualty Co., for $50,000. The bond contained the usual condition as required by statute, that the temporary administrator would faithfully discharge his trust as such and obey all lawful decrees and orders of the Surrogate's Court touching the administration of the estate committed to him. Thereafter, the decedent's will was admitted to probate and on September 9, 1919, letters testamentary were issued to the three sons, Thomas, Ciro and Aniello, who were not required to file any security for the proper performance of their duties as executors. By the terms of the will, the decedent's widow and sons shared equally in the residue.

The widow and the son Thomas died in the years 1942 and 1943 respectively.

After a period of over twenty-two years and after proceedings to compel the filing of an account had been brought, Ciro and Aniello filed their account as executors together with a petition for its judicial settlement on July 16, 1942.

On March 8, 1944, upon the application of the accountants, an order was entered permitting them to file the present amended and supplemental account with a petition which requested the judicial settlement of the account of Aniello as temporary administrator and the account of Aniello and Ciro as executors under decedent's will. Thereupon, a citation was duly issued herein citing all necessary parties to said proceeding, to show cause on the 27th day of March, 1944, why such account should not be settled. The citation was served upon the surety on the 17th day of March, 1944. On April 5th and 14th of that year, objections to the said account were filed by the respective representatives of the estates of the deceased son and widow.

On June 16, 1944, an order was entered allowing the examination of the accountants pursuant to section 263 of the Surrogate's Court Act and such examinations are still in progress.

On May 15, 1944, the accountants made a motion for a hearing on the preliminary issue of an accord and satisfaction which issue, the accountants claimed, was presented by the facts set forth in the amended and supplemental account. In such account it was alleged, in substance, that the petitioners did, pursuant to the terms of the will, form two corporations and properly transferred to such entities all of the assets of the decedent and thereafter issued stock in said corporations to each of the beneficiaries in proportion to their respective shares as designated in the will. It was further alleged that all of these things were done with the knowledge and approval of the beneficiaries who actively participated in the corporate affairs.

The court granted this motion for a preliminary hearing, since a determination of this issue favorable to the accountants would make the trial of the issues raised by the objections to the account unnecessary. After a lengthy hearing on this preliminary question, the court decided that the accountants had failed to prove any accord and satisfaction. In reaching such conclusion the decision found that the accountants had perpetrated a fraud upon the widow, their mother, who was illiterate and inexperienced in business, and that this fraud continued down to the date of her death. They had never consulted her at any time in dealing with the estate property which they handled as if it belonged to them to the exclusion of their mother. At the trial the accountants relied substantially upon fabricated entries in books of account selected from a complete set of books which were not produced and which the court believed and still believes they possess.

Upon this decision an order was entered on the 30th day of March, 1945.

The accountants then made a motion to open the hearing of such preliminary issue and to vacate the order entered thereon. This motion was denied by an order entered on June 1, 1945.

The surety, through its attorney, has taken an active part in all of these proceedings and except for a notice of appearance filed on April 25, 1944, has filed no pleading herein.

After a period of approximately nineteen months since the service of citation and the filing of objections to the account, the surety now seeks leave to file an answer. The objectants strenuously object to the granting of this relief.

The proposed answer, in addition to making objections to the account insofar as it infers that the temporary administrator is responsible for decedent's realty and the rentals thereof, sets up various defenses to the objections.

These defenses plead among other matters, the discharge of the temporary administrator on September 9, 1919, by a transfer of all of the estate assets in his possession to the executors, the execution of releases by the beneficiaries and the Statute of Limitations. A substantial portion of the answer sets forth defenses which seek to raise the issue of accord and satisfaction which has been determined adversely to the surety's principal.

In the Surrogate's Court in a contested accounting proceeding, the petition, account and the objections thereto constitute the pleadings which define the issues and limit the extent of the relief which could be given (*Matter of Michelson*, 148 Misc. 753, 754), and the practice as to the time when an objection to an account must be interposed is regulated by section 263 of the Surrogate's Court Act and the rules of this court (rule IX). Any respondent who fails to so plead is in default and is not entitled to be heard until his default is opened (*Matter of Melzak*, 153 Misc. 600).

However, no authority has been found which passes directly upon the questions as to the right of a surety to interpose defenses to objections to an account, which defenses have not been raised by the principal, or if it has the right, as to the time when such an answer must be interposed.

Prior to the year 1894, it was not necessary to cite the surety in a proceeding for the judicial settlement of the account of an administrator. And in such a case the surety was bound by the decree even though no notice of the proceedings was given and, in the absence of fraud and collusion, liable in an

action brought against it on the bond (*Deobold* v. *Oppermann et al.*, 111 N. Y. 531). However, in 1894, section 2728 of the Code of Civil Procedure, now section 260 of the Surrogate's Court Act, was amended to provide that a surety should be cited on a voluntary accounting (L. 1894, ch. 421).

Since that amendment, if a surety has not been cited in an accounting proceeding and does not appear therein, it would not be bound by the decree entered therein (Surrogate's Ct. Act, §§ 80, 274) or be liable in an action upon the bond based upon such decree (*Cookman* v. *Stoddard,* 132 App. Div. 485, affd. 200 N. Y. 563).

In the year 1931, section 115-a of the Surrogate's Court Act was enacted (L. 1931, ch. 562) so that " the enforcement of the liability of a surety upon an official bond of an  *  *  * administrator  *  *  * should be simplified and expedited after the liability of the principal has been duly established in an accounting proceeding to which the surety is a party." (N. Y. Legis. Doc., 1931, No. 69, p. 93.)

The foregoing analysis makes it readily apparent that if a fiduciary in his accounting proceeding has either waived or failed to plead defenses to objections filed to his account, his surety as a party to such a proceeding must be given an opportunity to plead those defenses or be forever barred. " ' There is no rule in our laws better understood, than that which allows the surety the right of availing himself of the same means of defence, (save those that are merely personal,) which the principal debtor could resort to.' " (*Douglass* v. *Howland,* 24 Wend. 35, 57). This right, however, must be exercised promptly and without unnecessary delay.

The present surety has not pleaded promptly, but has relied on a defense raised by its principal.

This motion by the surety for leave to plead is also, in effect, one for leave to amend an answer since it has relied on the defense of accord and satisfaction up to the present time. In any event, it is an appeal to the discretion of the court (*Bond Stores, Inc.,* v. *Turner,* 262 App. Div. 417) subject to denial or grant on terms (*Matter of Melzak,* 153 Misc. 600, *supra*).

It is true that on motions of this character, the court will not as a rule, look into the merits but will allow a party to put his pleadings in such shape as will enable him to raise and have determined at the trial any question affecting his interest. However, this rule is qualified by the requirement that the application be made in good faith and that injustice will not be done to the adverse party (*Hanna* v. *Mitchell,* 202 App. Div. 504, affd. 235 N. Y. 534).

In the light of these principles, the court must examine the proposed answer against the background of the issues which have been litigated and the facts which have been determined in such litigation, in order to determine the right of the surety to plead the defenses which it now seeks to interpose in its attempt to establish a severance of the liability of the executors from that of the temporary administrator.

It will first be considered insofar as the same affects the rights of the estate of Carmela Aquino, the deceased widow.

The matters alleged in paragraphs numbered " 1 " to " 8 " inclusive of the proposed answer merely raise questions which have already been put in issue by the pleadings now on file; therefore, leave to plead them will be allowed (*Coffey* v. *Roche,* 194 App. Div. 447).

Paragraph " 9 " alleges matters which have already been allowed by the foregoing ruling and in addition pleads facts relating to alleged conveyances of interests in decedent's realty by the widow and other devisees. The latter allegations in conjunction with the allegations set forth in paragraphs " 10 ", " 19 ", " 21 " and " 23 ", except those which relate to the execution of a release by the widow, raise the very issues which have already been determined in favor of the widow's estate after the trial of the preliminary issue of accord and satisfaction. The determination of these issues is now *res judicata.* The request to plead these matters is therefore denied.

The allegations contained in paragraphs " 11 ", " 12 ", " 13 ", " 14 ", " 22 ", " 24 ", " 25 ", " 26 ", " 27 " and " 28 " have reference to the proceeding to probate the will of the deceased widow, in which proceeding a stipulation of the parties was executed and made a part thereof. This stipulation was referred to in the hearings on the preliminary issue and, subsequently upon the motion for a new trial, a copy of it was submitted to the court. There is absolutely nothing in this stipulation or in the conduct of Angelina V. Latona, the deceased widow's executrix, in probating the widow's will or in the will itself which could possibly deprive this objectant of the right to prosecute the objections filed herein. Leave to plead these wholly irrelevant matters which are totally without legal substance, is denied.

Paragraphs " 15 ", " 29 ", " 30 " and " 31 " raise the defense of the Statute of Limitations to the objections.

The temporary administrator by his procedure in filing his account with a petition has effectively waived the defense of the Statute of Limitations (*Matter of Lyth,* 32 Misc. 608), and

while such a waiver may not be binding upon the surety (*Matter of Cheesman,* 236 N. Y. 47), to permit it to plead it at this late date would work an injustice upon this objectant.

It is unquestioned that fraud suspends the operation of the Statute of Limitations (*Spallholz* v. *Sheldon,* 216 N. Y. 205).

In the trial of the preliminary issue, the court has found upon the testimony adduced that there was a continuing fraud upon the widow as a result of the conduct of Aniello and the other fiduciaries. Although Aniello's duties as temporary administrator terminated upon the appointment of the executors one of whom is the same Aniello, his fraudulent conduct as already found by the court would be sufficient to suspend the operation of the statute (*Spallholz* v. *Sheldon, supra*). In the course of this trial the objectant of necessity put forth her entire case demonstrating the exercise of fraud to the very date of the widow's death, and has obtained a determination upon the merits as a result of such showing. It would be tantamount to a retrial of these issues already determined to permit the surety to now raise this defense. The same reasoning applies to the defenses of laches and estoppel as set up in paragraphs " 16 " and " 20 ".

Leave to so plead is denied.

This leaves the defense of release, which sets forth that in September, 1919, the surety procured in its own behalf and in behalf of its principal, Aniello Aquino, a written release with respect to the affairs of the temporary administrator, executed by Carmela, the widow. This presents a clean-cut issue and one which can be litigated fairly by both sides to this controversy without any disadvantage to the objectant as a result of the evidence which has been advanced upon the hearings already had.

Leave to plead this defense is therefore granted.

In thus limiting the surety, it cannot be heard to complain. This is not a situation wherein the accountants and the objectants are in collusion.

It deliberately refrained from interposing this pleading for the reason as stated in its affidavit supporting the motion, that " If the executors could have sustained the burden of proof cast upon them to prove this accord and satisfaction, it would have been a complete defense and discharge for the Maryland Casualty Company and accordingly said Company did not for the time being plead to the account or cross-plead against the objections ". It must now be faced with the consequences of its choice.

As to the estate of the widow the answer is accordingly deemed filed as limited in accordance with this decision.

Paragraphs " 17 " and " 18 " relate specifically to so called counterclaims to the objections of the estate of Thomas Aquino.

With respect to the estate of Thomas who was the third executor, the motion is granted *in toto*. The court has previously found that he actively participated with his brothers in handling the estate property to the exclusion of the widow. In the order of this court determining the preliminary issue, the court reserved the question of the liability of Thomas Aquino as executor of the estate of Giovanni Aquino to the estate of Carmela Aquino, and the amount of such liability if any; and the question of the liability of the accounting parties to the estate of Thomas Aquino and the amount of such liability if any, until all of the facts are developed.

For those reasons the estate of Thomas cannot be prejudiced by the filing of the answer to its objections.

Angelina V. Latona, as the executrix of the estate of Carmela Aquino, will be directed to serve and file a reply to the defense of release within ten days after the service upon her attorney of a copy of the order to be entered hereon with notice of entry thereof.

Lina Aquino, as administratrix of the estate of Thomas Aquino, will be directed to serve and file a reply to the defenses of Statute of Limitations and release within ten days after the service upon her attorney of a copy of the order to be entered hereon.

In all other respects the motion is denied.

Upon the filing of the replies, the court of its own motion will set down for a hearing the issue of the execution of releases.

Settle order accordingly.