Harry G. Herman, S.
This is a motion in behalf of the individual sureties on the bond of the administratrix o. t. a. of the goods of the above-named decedent to dismiss the proceeding as against them pursuant to rule 107 of the Buies of Civil Practice on the ground that any claim against them is barred by the Statute of Limitations.
*296 A proceeding to compel the administratrix c. t. a. to account was instituted by the executrix of the Kade estate as a judgment creditor, and the sureties as well as the administratrix c. t. a. were joined as parties. In a preliminary hearing to determine whether the judgment creditor had such a status as would permit the legal representative of the deceased judgment creditor to maintain a proceeding for a compulsory accounting, the Statute of Limitations was raised as a bar to the institution of such proceeding.
Former Surrogate Dillon rendered an opinion in that proceeding which reviewed at length the history of the litigation which had preceded the institution of the compulsory accounting proceeding and directed the filing of the account. (See Matter of Geraerdts, 211 N. Y. S. 2d 915.) In directing such accounting, the court determined that the Statute of Limitations was not a bar to the claim of the judgment creditor as against the administratrix, c. t. a., but made no determination as to the rights and liabilities of the sureties upon her bond as appears from the following excerpt of the opinion rendered by former Surrogate Dillon (p. 920): “ Nothing is determined at this time as to the rights or liabilities of the sureties. The only relief demanded in the petition is that the administratrix render and settle her account. That relief is granted and no more. In holding that the administratrix has no defense to the prayer of the petition, the court holds nothing with relation to any defenses which may be available to the sureties if and when recovery is sought against them.” (Emphasis added.)
The account has since been filed, and objections have been interposed by the executrix of the deceased judgment creditor which if sustained would result in a surcharge against the legal representative of this estate.
The question now presented for determination is whether the Statute of Limitations is a bar to the enforcement of any liability against the sureties.
The sureties contend that the basic liability on the claim in favor of the Kade estate is necessarily premised on an oral agreement of partnership made in the early 1920s, and a breach of such agreement, which was the subject of an action commenced on December 19, 1925, by reason of which the six-year Statute of Limitations would be applicable and long since would have barred any action for the breach of said agreement. Admittedly, no formal claim was asserted against the Geraerdts estate prior to the commencement of the 1941 action. The account shows that the administratrix, c. t. a., has distributed all of the estate assets to herself as residuary legatee and alleges that it is impos *297 sible to state when or in what amounts such distributions were made.
Ordinarily, a recovery against the principal in an action to which the surety is not a party is not conclusive upon the surety (Sears, Roebuck & Co. v. 9 Ave.31 St. Corp., 274 N. Y. 388). At page 408 of this opinion by Judge Lehman the court recognized an exception to this rule where the surety 1 ‘ expressly makes his liability depend on the event of a litigation to which he is not a party, and stipulates to abide the result” citing Bridgeport Ins. Co. v. Wilson (34 N. Y. 275, 280). Although the liability of the surety must depend upon the conditions of the bond, in the case of a court bond, as given by an administrator, as distinguished from an indemnity bond, a surety is ordinarily privy with his principal and precluded from questioning any lawful decree or order of the Surrogate in a proceeding to which the principal is a party, if obtained without fraud or collusion (Scofield v. Churchill, 72 N. Y. 565; Deobold v. Oppermann, 111 N. Y. 531).
The bond executed by the administratrix c. t. a. herein is dated June 23, 1926, and was conditioned upon the faithful performance of the duties of the administratrix c. t. a. and that she will “ obey all lawful decrees and orders of the Surrogate’s Court of the County of Westchester touching the administration of the estate ” (Surrogate’s Ct. Act, §§ 121, 135).
Under the provisions of the bond executed and filed herein, the administratrix, c. t. a., and her sureties are privies, and in the absence of fraud and collusion would be precluded from questioning any lawful order or decree of the Surrogate (Scofield v. Churchill, supra; Deobold v. Oppermann, supra). The failure of the principal to plead the Statute of Limitations as a defense, as a result of which the claim of the creditor was reduced to. judgment, would not render the defense of the statute available to the sureties even though the sureties were not parties to said action. The motion for dismissal of the accounting proceeding as against the sureties accordingly is denied.
Settle order, accordingly, providing also that this proceeding be restored to the calendar for September 18, 1962, at 10:30 a.m. to fix the date for the trial of the issues raised by the pleadings.