Harry G. Herman, S.
The legal representative of a deceased surety upon the bond of the administratrix, c. t. a., has moved for the reargument of its motion pursuant to section 107 of the Surrogate’s Court Act to dismiss the pending accounting proceeding as to the deceased surety, on the ground that any claim against the surety is barred by the Statute of Limitations.
Movant contends that in denying the motion to dismiss, the court “ overlooked ” the decisions in Matter of Gellis (141 Misc. 432); Matter of Aquino (186 Misc. 7, affd. 270 App. Div. 994) and Matter of Aquino (186 Misc. 15, affd. 271 App. Div. 780). It is asserted that the bonds there involved were substantially identical with the bond filed herein, and the foregoing cases are cited for the holding that even though a surety is privy with his principal a judgment against the principal is not binding upon the principal if the surety is not a party to the action in which the judgment was recovered. This conclusion is predicated upon the general rule as movant states: “ that no one ought to be condemned without being heard ”; and “ that no person should be bound by a judgment to which he is not a party ”, and “ that the legislature recognized this principle when it required that sureties be made parties in voluntary accounting proceedings ” in the Surrogate’s Court (see Surrogate’s Ct. Act, § 262).
In denying the motion to dismiss the proceeding as against the surety, this court held that under the provisions of the bond *172 executed and filed herein the surety, and the administratrix, c. t. aas principal, were privies, and in the absence of fraud or collusion the surety would be precluded from questioning any lawful order or decree of the Surrogate, citing Scofield v. Churchill (72 N. Y. 565) and Deobold v. Oppermann (111 N. Y. 531). (See Matter of Geraerdts, 36 Misc 2d 295.)
By a prior decision this court had held that there was no Statute of Limitations available as a defense to the enforcement of the liability of the principal (see Matter of Geraerdts, 211 N. Y. S. 2d 915). By the amendments to sections 2728 and 2729 of the Code of Civil Procedure by chapters 252 and 686 of the Laws of 1893, chapter 421 of the Laws of 1894 and chapter 426 of the Laws of 1895, sureties upon the bonds of fiduciaries were required to be joined as parties, in any accounting proceeding in the Surrogate’s Court. By virtue of this requirement which is presently contained in section 262 of the Surrogate’s Court Act, a surety cannot be bound by a decree of the Surrogate’s Court unless such surety has been made a party to the accounting proceeding (Surrogate’s Ct. Act, §§ 80, 274). The amendments above referred to did not and could not, however, impair the contractual obligation of a surety upon the bond of its principal. It has uniformly been held that the procedure in enforcing a given remedy or even the remedy itself, or rules of evidence, may be changed or modified so long as the remedy does not impair existing rights (Tennessee v. Sneed, 96 U. S. 69; Black, Constitutional Prohibitions, § 192; Marx v. Hanthorn, 148 U. S. 172). The amendments referred to above and now embodied in section 262 of the Surrogate’s Court Act were, therefore, effectual to revise the procedure in determining or enforcing the liability of a surety upon the bond of a fiduciary, but were not designed to impair, or effectual to destroy or defeat, vested substantive rights conferred by the provisions of the bond (see Cookman v. Stoddard, 132 App. Div. 485, affd. 200 N. Y. 563).
The judgment recovered against the administratrix, c. t. a., even though in an action to which the surety was not a party, established the validity of such claim subject, however, to the right of any party adversely affected thereby to show that the judgment was obtained by fraud, negligence or collusion (Conner v. Reeves, 103 N. Y. 527; Surrogate’s Ct. Act, § 210).
The motion for reargument is granted and upon reargument the court adheres to its original determination in all respects.