■ In the Matter of KERICE REID, Deceased. INHERITANCE FUNDING COMPANY, INC., Appellant; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent, et al., Respondents. [942 NYS2d 176]—

In a proceeding for the administration of a decedent's estate in which Inheritance Funding Company, Inc., petitioned, inter alia, pursuant to SCPA 809 (3) for a summary determination against Fidelity and Deposit Company of Maryland on a claim to recover on a bond it issued to the co-administrators of the estate of Kerice Reid, the petitioner appeals from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated April 13, 2011, as, upon a decision of the same court dated January 10, 2011, denied that branch of its motion which was for summary judgment on the petition insofar as asserted against Fidelity and Deposit Company of Maryland and granted the cross motion of Fidelity and Deposit Company of Maryland for summary judgment dismissing the petition insofar as asserted against it, without prejudice to the petitioner "asserting any . . . claims against Fidelity and Deposit Company of Maryland in an estate accounting proceeding in which Fidelity and Deposit Company of Maryland is joined as an interested party."

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner, Inheritance Funding Company, Inc. (hereinafter the petitioner), filed a petition against, among others, the co-administrators of the estate of Kerice Reid, seeking, inter alia, the judicial settlement of their account. The petitioner alleged that the co-administrators had agreed to assign a portion of their interest in the estate to it in exchange for an immediate tender of funds. After the co-administrator Marilyn Blake defaulted in answering the petition, an order was entered against her granting the petition to the extent of directing her to pay certain funds to the petitioner. Thereafter, the petitioner filed the instant petition, among other things, pursuant to SCPA 809 (3) for a summary determination against Fidelity and Deposit Company of Maryland (hereinafter Fidelity) on its claim to recover on a bond Fidelity issued to the co-administrators.

In the order appealed from, the Surrogate's Court, among other things, denied that branch of the petitioner's motion which was for summary judgment on the petition insofar as asserted against Fidelity and granted Fidelity's cross motion for summary judgment dismissing the petition insofar as asserted against it, without prejudice to the petitioner "asserting any . . . claims against Fidelity . . . in an estate accounting proceeding in which Fidelity . . . is joined as an interested party."

"A fiduciary's liability must first be determined by the Sur-

rogate's Court before a surety's liability under the bond can attach" (*Matter of Guzzo*, 292 AD2d 607, 608 [2002]; *see Matter of Zipser*, 270 AD2d 279, 280 [2000]; *Matter of Aquino*, 186 Misc 7 [1945], *affd* 271 App Div 780 [1946]). Here, Fidelity established its prima facie entitlement to judgment as a matter of law by establishing that the order entered in the underlying proceeding did not make any determination as to Marilyn Blake's liability in her capacity as a co-administrator of the estate. As the record makes clear, that order, which was entered upon Blake's default, granted the petition in the underlying proceeding solely to the extent of determining that Blake was personally indebted to the petitioner. Fidelity was not a party to the underlying proceeding (*see generally Matter of Aquino*, 186 Misc 7 [1945]; SCPA 2206, 2210), and the order did not direct Blake to make any payment in her capacity as a fiduciary (*see* SCPA 809 [3]). In opposition to Fidelity's prima facie showing, the petitioner failed to raise a triable issue of fact.

Accordingly, the Surrogate properly denied that branch of the petitioner's motion which was for summary judgment on the petition insofar as asserted against Fidelity and granted Fidelity's cross motion for summary judgment dismissing the petition insofar as asserted against Fidelity, without prejudice to the petitioner "asserting any . . . claims against Fidelity . . . in an estate accounting proceeding in which Fidelity . . . is joined as an interested party." Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.